UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN W. PEROTTI, | CASE NO. 4:05CV2739 |
| Plaintiff, | JUDGE PETER C. ECONOMUS |
| | Magistrate Judge George J. Limbert |
| v. | |
| UNITED STATES OF AMERICA, et al., | REPORT AND RECOMMENDATION |
| | OF MAGISTRATE JUDGE |
| Defendants. | |

On December 7, 2005, the Honorable Peter C. Economus referred the instant case to the undersigned for general pre-trial supervision, including the rendering of decisions or Report and Recommendations on all motions.  ECF Dkt. #6.  In this Report and Recommendation, the undersigned addresses the motion of Defendants Dan Stech and Jason Place (Defendants Stech and Place) and the motion of Defendant United States of America (Defendant USA) to dismiss Plaintiff's complaint because he failed to exhaust his administrative remedies.  ECF Dkt. #s 18, 19.  For the following reasons, the undersigned recommends that the Court GRANT the motions to dismiss filed by Defendant Stech and Place and Defendant USA and dismiss Plaintiff's complaint against these Defendants for his failure to exhaust administrative remedies.  *Id.*  The undersigned further recommends, based upon *Rinard v. Luoma*, - - -F.3d - - -, No. 05-1150 (6th Cir. Mar. 13, 2006)(recommended for full-text publication), that the Court DISMISS Plaintiff's complaint in its entirety without prejudice based upon this failure to exhaust administrative remedies. Consequently, the undersigned recommends that the Court find all of the other pending motions in this case to be MOOT.  ECF Dkt. #s 14, 15, 16, 21, 24, 27, 31, 33.

1

**I.     FACTS AND PROCEDURAL HISTORY**

    **A.     COMPLAINT ALLEGATIONS**

On September 7, 2005, Plaintiff filed a complaint in the Mahoning County Court of Common Pleas against Jason Medlin (hereinafter Defendant Medlin), warden of the Northeast Ohio Correctional Center (hereinafter NEOCC), Robert Tapia (hereinafter Defendant Tapia) assistant warden of the NEOCC, Yohmarie Cajigas (Defendant Cajigas), a physician at NEOCC, Janardan Tallam, a physician at St. Elizabeth Health Care Center, Defendant John Doe No. 1, a physician's assistant at St. Elizabeth Health Care Center, Corrections Corporation of America, Bill Andrade, a physician and acting chief medical officer for CCA, Dan Foche and Jason Place, assistant United States Marshals, L. Maury, a nurse employed at Lakewood Hospital under contract with the Lakewood Police Department, and Defendants Frische, Favre, Sacco, Kaucheck, Guzik and John Doe No. 2, detectives for the Lakewood City Police Department. ECF Dkt. #1, Attachment 1.

On January 5, 2006, Plaintiff filed a document to correct his complaint to replace the surname of Defendant Dan Foche with Stech. ECF Dkt. #15.

In the first count of his complaint, Plaintiff contends that because he has been labeled a "jailhouse lawyer", Defendant Stech retaliated against him on June 30, 2004 by throwing away over $500.00 worth of his legal and personal property, including a walking cane, and told him that he could sue Defendant Stech if he did not like it. ECF Dkt. #1, Attachment 1 at 6. Plaintiff further contends that Defendant Place came to the Euclid City Jail on or about February 4, 2005 to transport him and threw away $100.00 worth of his commissary items and both Defendants Stech and Place placed all of his legal files and research materials in a closet on the Marshal's Office floor and told him that they would mail the materials to him within a week of his arrival at the Federal Detention Center, but they never mailed the items which resulted in the dismissal of five of his cases. *Id.* Plaintiff further avers that Defendants Stech and Place both informed him that they did not like jailhouse lawyers and they would trash his personal property every chance that they could. *Id.* Plaintiff alleges that Defendants Stech and Place again threw away his personal and legal items on

2

April 22, 2005 when they brought him to their Cleveland Office from Milan, Michigan's Federal Detention Center. *Id*. at 7.

In Count Two, Plaintiff asserts that while he was confined in the Lakewood City Jail on July 10, 2003, Defendants Fritsche, Favre, Sacco, Kaucheck, Guzic and John Doe No. 2 conspired and used excessive force against him by brutally beating him after he refused to give them a statement. ECF Dkt. #1, Attachment 1 at 7. Plaintiff alleges that he was handcuffed while the officers beat him and they fractured his ribs and caused bruises and contusions all over his body. *Id*. Plaintiff further avers that these Defendants denied him access to medical care after they beat him. *Id.*

Plaintiff contends that Relief Officers provided him with an ambulance and he was taken to Lakewood Hospital where Dr. Blaha ordered him to be admitted, but Defendant Maury, who was a friend of those defendants who had beaten him, waited until Dr. Blaha left and told Defendant John Doe No. 2 that she was not going to admit him to the hospital. ECF Dkt. #1, Attachment 1 at 8. Plaintiff further alleges that Defendant Maury also told Defendant John Doe No. 2 that Plaintiff said he was refusing medical treatment when he did not and she completed an "Against Medical Advice" form upon which Plaintiff wrote that his refusal was a lie. *Id*. Plaintiff alleges that Defendant Maury conspired with the Defendants who used excessive force to deprive him of his Eighth Amendment protection against cruel and unusual punishment, and they violated his Fourth, Fifth and Fourteenth Amendment rights as well as the Americans with Disabilities Act under 42 U.S.C. §§ 12101 and 12213 (hereinafter ADA) and the Rehabilitation Act under 29 U.S.C. § 791-794. *Id.*

In Count Three, Plaintiff alleges that CCA and Defendant Tapia violated his procedural due process rights by failing to give him a copy of the written rules at CCA and exposing him to summary punishment when he was placed in a disciplinary control cell, denied cleaning supplies, out of cell movement and access to legal materials for 21 days after he was told that he had been charged with possession of contraband, which was the smoke from a cigarette that another inmate had admitted to smoking. ECF Dkt. #1, Attachment 1 at 9. Plaintiff alleges that the lack of policies and due process before he was punished violated his First, Fourth, Fifth, Eighth and Fourteenth

Amendment rights. *Id.*

In Count Four, Plaintiff alleges that Defendants CCA, Medlin and Tapia are liable for lack of training and enforcing written policies at NEOCC that violate procedural and substantive due process rights because they allowed him physical access to the law library only two times from May 12, 2005 through June 6, 2005, and as a result, of the six habeas corpus/*Bivens*/1983 actions that he has filed where he represents himself, he lost his right to appeal in one of his cases before the Ohio Supreme Court, he lost his ability to respond to numerous motions in his pending federal criminal case, and he was unable to prepare for trial in another state case. ECF Dkt. #1, Attachment 1 at 9.

In Count Five, Plaintiff alleges that Defendants CCA, Medlin, Tapia, Andrade and Cajigas demonstrated deliberate indifference to his serious medical needs and violated the ADA, and Rehabilitation Act and committed negligence by never issuing his ordered medications to him despite his numerous grievances informing these Defendants of his need for the medications of Ultram, Oxycodone and Diazapan. ECF Dkt. #1, Attachment 1 at 10. Plaintiff avers that Defendant Cajigas indicated that she wrote the order for these medications, but Defendants CCA and Andrade overruled her prescription orders from CCA Headquarters in Tennessee without ever physically examining Plaintiff. *Id.*

Plaintiff also alleges in Count Five that on June 10, 2005, a guard ordered him to remove toilet paper from his cell that was covering the vent above the porcelain toilet which was allegedly placed there by a previous occupant. ECF Dkt. #1, Attachment 1 at 11. Plaintiff avers that he had to stand on the toilet in order to remove the paper and upon doing so, the toilet shattered and he fell, hurting his left forearm, right palm and left knee. *Id.* Plaintiff contends that he was taken to St. Elizabeth Hospital and after lying in a hospital bed for over two hours, Defendant Tallam arrived, looked at his wounds and ordered Defendant John Doe No. 1 to sew the wounds shut. *Id.* Plaintiff alleges that Defendant John Doe No. 1 retrieved a needle and thread and said he was going to sew the wounds without pain medication, despite Plaintiff's request for such medication. *Id.* Plaintiff contends that Defendant Tallam informed him that his wounds would be sewn and when Defendant

4

John Doe No. 1 was completed, they could give Plaintiff some Tylenol, "if they felt like it." *Id.* at 12. Plaintiff contends that he told Defendant Tallam that if he could not have pain medication, he wished a second opinion or to be returned to NEOCC. *Id.* He avers that Defendant Tallam thereafter told the guards that Plaintiff was not entitled to a second opinion, and he wrapped Plaintiff's wounds in gauze and returned him to NEOCC without stitches. *Id.*

Plaintiff contends that upon return to NEOCC, he asked that Dr. Cajigas or someone stitch his wounds and he fell to the floor, hit his head and laid in a puddle of his own blood until 2:00 a.m., when he awakened, still lying on the floor, and realized that no one had checked on him or brought him back to consciousness. ECF Dkt. #1, Attachment 1 at 12. Plaintiff complains that he was maintained in an isolation cell for two weeks and never received daily bandage changes, stitches and he was released back to general population with gaping wounds and assured that he would receive daily bandage changes, which he never received. *Id.* Plaintiff avers that the wound became infected and he was denied antibiotics and pain medications and he was forced to buy these medications on the black market at the prison. *Id.* Plaintiff also contends that no tests were run despite his showing of full blown symptoms and he was told that he would not receive any treatment until he was assigned to a permanent prison. *Id.*

Finally, Plaintiff alleges in his complaint that CCA violated his First, Fourth, Fifth and Fourteenth Amendment rights by failing to provide an effective administrative remedy to prisoners because CCA and NEOCC failed to respond to his numerous grievances, faxes, phone calls and e-mails concerning his assertions that they violated his constitutional rights and his rights under the ADA, the Rehabilitation Act and state law negligence. ECF Dkt. #1, Attachment 1 at 13-14.

### B.    OTHER PLEADINGS

On November 23, 2005, Defendants Stech and Place filed a notice of removal of the state court complaint to this Court and they attached a copy of the state court complaint. ECF Dkt. #1. On December 7, 2005, Judge Economus referred the instant case to the undersigned for general pretrial supervision, including all motions. ECF Dkt. #6.

**C**.     **PENDING MOTIONS**

Besides the motions to dismiss filed by Defendants Stech and Place and Defendant USA, the following motions are pending before the Court: a partial motion to dismiss filed by Defendant Yohmarie Cajigas (ECF Dkt. #14); Plaintiff's correction of his complaint and motion for the Court to issue an Order stating that Defendants Dan Stech and Jason Place (hereinafter Defendant Stech and Defendant Place) have been properly served with the complaint (ECF Dkt. #15); Plaintiff's motion to stay the instant proceedings for ninety days (ECF Dkt. #16); a motion to dismiss for want of jurisdiction and failure to state a claim or in the alternative motion for summary judgment filed by Defendant Janardan Tallam (ECF Dkt. #21); Plaintiff's motion asking the Court to order the United States Marshal's Office to serve a copy of summons and complaint on Defendants Stech and Place (ECF Dkt. #23); Plaintiff's motion to appoint counsel (ECF Dkt. #24); Plaintiff's motion requesting that the Clerk of Courts for the United States District Court for the Northern District of Ohio resubmit service by mail to Defendants Stech and Place (ECF Dkt. #27); Plaintiff's motion to appoint a medical expert (ECF Dkt. #31); and Plaintiff's correction of the record to reflect that Defendant Maury's correct name is Defendant J. Maroney (ECF Dkt. #33).

The only responses to the above motions include a response to Plaintiff's motion to stay proceedings filed by Defendants Medlin, Tapia, Cajigas, CCA and Andrade on January 13, 2006 to which Plaintiff filed a reply on January 25, 2006. ECF Dkt. #s 17, 20. Defendants Medlin, Tapia, Cajigas, CCA and Andrade and Defendants Stech and Place also filed opposition briefs to Plaintiff's motion for the appointment of counsel and Plaintiff filed a reply brief. ECF Dkt. #s 25, 26, 30.

**II.   DEFENDANT STECH AND PLACE'S AND DEFENDANT USA'S MOTIONS TO DISMISS (ECF DKT. #S 18, 19)**

The dispositive motions critical to the instant Report and Recommendation are that of Defendants Stech and Place and Defendant USA who move to dismiss Plaintiff's complaint for his failure to exhaust his administrative remedies as required pursuant to 42 U.S.C. § 1997e of the Prison Litigation Reform Act (PLRA). ECF Dkt. #19 at 8. Defendants Stech, Place and USA assert that Plaintiff has failed to properly exhaust all of his administrative remedies before bringing the

6

instant complaint. *Id.*

This case falls under the Prisoner Litigation Reform Act of 1995 since it was filed on September 7, 2005, well after the Act's effective date of April 26, 1996. *White v. McGinnis*, 131 F.3d 595, 595 (6th Cir. 1997). 42 U.S.C. § 1997e(a) provides that

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has recently held that under Section 1997e(a), an inmate must exhaust administrative remedies regardless of the forms of relief sought and offered through these remedies. *Booth v. Churner*, 532 U.S. 731, 740 (2001). The Court has also held that Section 1997e(a) applies to all inmate suits concerning prison life. *Porter v. Nussle*, 534 U.S. 516 (2002). Moreover, Section 1997e(a) itself specifies that the exhaustion requirement applies not only to §1983 actions, but also to other prison condition claims brought under "other federal law." 42 U.S.C. § 1997e(a); *Porter*, 534 U.S. at 524; *Chamberlain v. Overton*, 326 F.Supp.2d 811, 815-816 (E.D. Mich. 2004)("The statute does not apply solely to actions brought under 1983, but includes any action brought under Federal law which would include a claim based on the ADA.").

The issue here is whether Plaintiff had established that he has exhausted his administrative remedies before filing his claim in this Court. The Sixth Circuit requires that prisoners who file §1983 and other federal law cases concerning prison conditions allege and show that they have exhausted all available administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). In order to establish exhaustion of his administrative remedies prior to filing suit, a prisoner should attach to his complaint the administrative decision, if it is available, or at least specifically describe the administrative proceeding and its outcome. *Id.*; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). "In the

7

absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Knuckles*, 215 F.3d at 642.

In the instant case, Defendants Stech, Place and Defendant USA assert that Plaintiff has not proven that he exhausted his administrative remedies because he failed to file any documentation evidencing exhaustion as required under *Brown v. Toombs,* 139 F.3d 1102. Upon review of the file, however, the Court finds that Plaintiff has included in his memorandum in opposition to the instant motion to dismiss a copy of a completed Department of Justice Form 95 Claim for Damage, Injury or Death. ECF Dkt. #29 at 2, Exhibit G-5. This Form 95 describes the alleged incidents that occurred between Plaintiff and Defendants Stech (then named Foche) and Place and requests property damage in the amount of $1,500.00 and personal injury damage in the amount of $80,000.00. *Id.* Plaintiff further asserts in his response brief that he also sent a letter to the supervisor of Defendants Stech and Place, he filed a motion for an injunction in his criminal case relating to the incidents, and he sent a letter to the United States Attorney at the Department "to Central Rights Office" regarding his claims. *Id.*

The undersigned recommends that the Court find that Plaintiff has failed to meet his burden of establishing that he has exhausted his administrative remedies as to his federal law claims as his response outlining the steps that he took to exhaust his remedies fails to establish proper administrative exhaustion. Moreover, Plaintiff's attachment of his completed Form 95 to his response is insufficient evidence to constitute complete administrative exhaustion. In *Boyd v. Corrections Corporation of America,* the Sixth Circuit Court of Appeals held that a prisoner established that he had administratively exhausted his federal law claims under the PLRA when

8

he

>specifically alleged that (1) he submitted a grievance form by giving it to a corrections officer, (2) the grievance covered "the events of the evening of August 11, 1998," (3) the grievance was delivered to the Grievance Chairperson, who is designated in the grievance procedure as the appropriate recipient of grievances, and (4) prison officials totally failed to respond to the grievance.

380 F.3d 989, 996 (6th Cir. 2004). However, in *Wilson v. United States*, the Sixth Circuit found that a prisoner had failed to meet his burden of establishing administrative exhaustion under the PLRA despite his attachment of his completed Form 95 to his complaint as "[t]he form bore no indication that it had been received by the DOJ, Wilson did not provide any proof that the DOJ had denied his claim, and he did not describe with specificity any administrative proceeding or its outcome." 93 Fed. Appx. 53, No. 03-6042 (6th Cir. Mar. 10, 2004)(unpublished).

Plaintiff's statements and Form 95 in this case bear more resemblance to those in *Wilson* than in *Boyd* and accordingly, the undersigned recommends that the Court find that Plaintiff has failed to establish that he has exhausted his administrative remedies as required under the PLRA. Plaintiff does not specify that he submitted this form to anyone and he fails to establish that any proper officials received his completed form. Accordingly, the undersigned recommends that the Court GRANT the motion to dismiss filed by Defendants Stech and Place (ECF Dkt. #18) and Defendant USA (ECF Dkt. #19).

In addition, the undersigned recommends that the Court dismiss Plaintiff's complaint in its entirety without prejudice due to his failure to sufficiently show that he exhausted his administrative remedies as to Defendants Stech, Place and USA. In a very recent decision, *Rinard v. Luoma*, - - -F.3d - - -, No. 05-1150 (6th Cir. Mar. 13, 2006)(recommended for full-text publication), the Sixth Circuit upheld a district court's dismissal of a prisoner's entire complaint

9

against eight defendants pursuant to the PLRA because he had exhausted his administrative remedies only with regard to four of the eight defendants that he sued. On appeal, Rinard argued that he should have been able to amend his complaint to delete those defendants against whom he had failed to exhaust his administrative remedies. The Sixth Circuit upheld the district court's dismissal of his complaint in its entirety, holding that despite prior confusion following its decision in *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005), that case had affirmatively and "definitively answer[ed]...whether the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." The Court stated that *Jones Bey* definitively answered the complete exhaustion and dismissal question in *Rinard* and the Court applied that decision and affirmed the district court's dismissal of Rinard's complaint for his failure to exhaust remedies against four of the eight defendants. *Id.*

Here, as explained above, Plaintiff has failed to establish that he had exhausted his administrative remedies with regard to Defendants Stech and Place and Defendant USA. Accordingly, based upon *Jones Bey* and *Rinard*, the undersigned recommends that the Court dismiss Plaintiff's entire complaint as against all Defendants without prejudice because he has failed to exhaust remedies against Defendants Stech, Place and USA.

### III. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that the Court GRANT the motions to dismiss filed by Defendants Stech, Place and Defendant USA and find that Plaintiff has failed to establish that he properly exhausted his administrative remedies as required by the PLRA as against these Defendants. ECF Dkt. #s 18, 19. Because he has failed to show that he exhausted his administrative remedies with regard to Defendants Stech, Place and Defendant

USA, the undersigned further recommends, based upon *Rinard v. Luoma*, - - -F.3d - - -, No. 05-1150 (6th Cir. Mar. 13, 2006), that the Court dismiss Plaintiff's complaint in its entirety without prejudice.

Dated: March 17, 2006  /s/*George J. Limbert*
GEORGE J. LIMBERT
U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).