UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. PEROTTI, | ) | CASE NO. 4:05CV2739 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| JASON MEDLIN, et al., | ) | INTERIM REPORT AND |
| | ) | RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Defendants. | ) | |

Before the undersigned[1] are Plaintiff John W. Perotti's ("Plaintiff") "Motion to Sever Defendants Fritsche[2], Favre, Sacco, Kaucheck[3], Guzic[4] and John No. 1 & No. 2 from the Other Defendants making a Separate Action so Perotti v. Detective Fritche[sic], Case No. 1:06-CV-878 can be Dismissed Voluntarily" ("Docket #89 Motion") and his "Motion to Sever and Consolidate Lakewood Detective Defendants with Perotti vs. Lakewood Detective Fritsche et al., Recently Transferred to this Docket" ("Docket #91 Motion").  ECF Dkt. #s 89, 91.  Defendants Fritsche, Favre, Sacco, Kaucheck, and Guzic (also referred to as "Lakewood Detective Defendants" in this Report and Recommendation) have filed a response that does not oppose

---

[1] Upon remand of this case by the Sixth Circuit, Judge Economus re-referred this case to the undersigned for all pre-trial supervision, including the handling of all motions.  ECF Dkt. #56.

[2] The undersigned notes that this Defendant's name is spelled many different ways throughout the various filings in this case, including throughout his own counsel's filings. *See e.g.* ECF Dkt. #s 1, 6, 43, 94.  Throughout this Report and Recommendation, this Defendant's name will be spelled Fritsche.

[3] This Defendant's name is also spelled different ways throughout the filings in this case, even in his counsel's filings. *See e.g.* ECF Dkt. #s 1, 6, 43, 94.  The undersigned will spell this Defendant's name Kauchek.

[4] As with the preceding Defendants, this Defendant's name is also spelled in varying ways, even in his counsel's filings. *See e.g.* ECF Dkt. #1, 6, 43, 94.  The undersigned will spell this Defendant's name Guzic.

1

Plaintiff's motion to sever and consolidate, but seeks to "clarify the record regarding Plaintiff's request for severance and consolidation." ECF Dkt. #94.

For the following reasons, the undersigned recommends that the Court DENY Plaintiff's motions (ECF Dkt. #s 89, 91), but dismiss Case Number 1:06CV1878 sua sponte.

**I.** **RELEVANT PROCEDURAL HISTORY**

    **A.** **COMPLAINTS**

        **1.** **CASE NUMBER 4:05CV2739**

On September 7, 2005, Plaintiff filed a complaint in the Mahoning County Court of Common Pleas against Defendants Jason Medlin, Robert Tapia, Yohmarie Cajigas, M.D., Janardan Tallam, M.D., John Doe No. 1, P.A., Corrections Corporation of America ("CCA"), Bill Andrade, M.D., Assistant United States Marshals Dan Foche[5] and Jason Place, Nurse L. Maury[6] of Lakewood Hospital, Lakewood Detectives Fritsche, Favre, Sacco, Kauchek, Guzic and Patrolman John Doe No. 2, in their individual and official capacities. ECF Dkt. #1-2.[7] Plaintiff introduced his complaint with the following first paragraph:

> This is a combination civil rights action per 28 U.S.C. § 1331(a), Americans with Disabilities Act per 42 U.S.C. §12101, §12213 ["ADA"], Federal Rehabilitation Act per 29 U.S.C. § 791-794 ["FRA"], 42 U.S.C. § 1983 and common law tort action (negligence/breach of contract, conversion dealing with deliberate indifference to Mr. Perotti's serious medical needs, discrimination due to the same, lack of proper written policy or implementation of policy rising to a culpable degree of negligence, unnecessary and excessive use of force, retaliation, denial of adequate and meaningful access to the courts, resulting in the loss of litigations/appeals causing actual harm, all in violation of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and state and federal law torts and statutes. All issues have been administratively exhausted. Compensatory, punitive, declaratory, and injunctive relief are requested.

---

[5] Plaintiff had improperly identified this Assistant United States Marshal as Dan Foche, which was corrected by Defendant, who indicated that his proper surname is Stech.

[6] Plaintiff later moves to correct the record in Case Number 1:05CV2739 in order to correct the Lakewood Hospital nurse's name from "Maury" to Maroney. ECF Dkt. #33. Accordingly, the undersigned will refer to the Lakewood Hospital nurse as Defendant Maroney when applicable.

[7] Until otherwise noted, all docket number entries are for those in Case Number 1:05Cv2739.

On November 23, 2005, Defendants Place and Stech filed a notice to remove the case from Mahoning County Common Pleas Court to this Court. ECF Dkt. #1.

In his complaint, Plaintiff alleged that Defendants Place and Stech retaliated against him because he exercised his First Amendment rights by suing prison officials on his own behalf and representing others in their lawsuits against prison officials. ECF Dkt. #1-2 at 5. Plaintiff averred that on June 30, 2004, Defendant Stech retaliated against him by throwing away $500.00. worth of his personal and legal property. He further complained that on or about February 4, 2005, Defendant Place threw approximately $100.00 worth of his commissary items into the trash. Furthermore, he alleged that Defendants Place and Stech in this same timeframe placed all of his active legal files and research materials into a closet on the Marshal's floor and told him that they would mail these materials to him within a week of his arrival at Milan Federal Correctional Institution. *Id*. at 6. Plaintiff alleged that Defendants Place and Stech did not mail his materials, which resulted in the dismissals of numerous cases due to his inability to prosecute them. *Id.* Plaintiff further claimed that Defendants Place and Stech told him that they "didn't like jailhouse lawyers and would trash Mr. Perotti's legal and personal property every chance they could." *Id.* at 6-7. He further averred that on April 22, 2005, Defendants Place and Stech destroyed $300.00 worth of his legal and personal property when he was brought to the Marshal's Office from the Milan Federal Detention Center. *Id*.

As against Defendants Fritsche, Favre, Sacco, Kauchek, Guzic, , and John Doe Number 2, Plaintiff alleged that on July 10, 2003, Defendants Fritsche, Favre, Sacco, Kauchek, Guzic and John Doe Number 2 punched, kicked and beat him while he was handcuffed when he refused to give them a statement as to a criminal case. ECF Dkt. #1-2 at 7. Specifically, Plaintiff averred that they also denied him access to medical care after this incident and it was not until a shift change that an ambulance was called and he was transported to Lakewood Hospital, where Dr. Bisha ordered him to be admitted. *Id*. at 7-8. Plaintiff complained that Defendant Maroney, a nurse at Lakewood Hospital, was a friend of Defendants and conspired with them when she

3

waited for Dr. Bisha to go home and told Defendant John Doe Number 2 that Plaintiff had given detectives a hard time the day before and she was not going to admit him. *Id*. at 8. She then winked at Defendant John Doe Number 2 and said that Plaintiff stated that he was refusing all medical treatment. *Id*. Plaintiff alleged that Defendant Maroney thus denied him medical treatment, knowing that he had fractured ribs, and filled out an "Against Medical Advice" document, to which Plaintiff wrote on the form that it was a lie. *Id*. However, Plaintiff claims that he was returned to prison without any medical treatment. *Id*.

Plaintiff also sued Defendant CCA, Defendant Medlin, the warden of the Northeast Ohio Correctional Center ("NEOCC"), and Defendant Tapia, the assistant warden of NEOCC, because he was denied due process when he was moved to a segregation block on May 15, 2005 and then taken to see a female sergeant who told him that he was charged with the possession of contraband. ECF Dkt. #1-2 at 9. Plaintiff avers that he was denied advanced written notice of this charge, the right to call the charging officer or the prisoner who had admitted that it was his contraband. *Id*. He requested an appeal, but claims that he was not given a form to file an appeal. *Id*. He further states that he was subjected to 21 days in a disciplinary control cell, where he was denied cleaning supplies, out of cell movement, access to the law library and exposed to summary punishment via an unwritten policy at CCA in violation of his procedural due process rights. *Id*.

In suing Defendants CCA, Medlin, Tapia, Cajigas, and Andrade, Plaintiff alleges that they exercised deliberate indifference to his serious medical needs when they denied him the medications for which he had prescriptions, including Ultram, Oxycodone, and Diazapan. ECF Dkt. #1-2 at 10. He also claims violations of the Americans with Disabilities Act ("ADA") under 42 U.S.C. §§ 12101 and 12213, the Federal Rehabilitation Act ("FRA") pursuant to 29 U.S.C. §§791-794, and negligence based upon this alleged denial of medications. *Id*. at 10-11.

Plaintiff also sued Defendants CCA, Tapia, Cajigas, Tallan, and Defendant John Doe Number 1, a physician's assistant, for violations of the ADA, RFA, negligence, and the United

4

States Constitution when he sustained injuries after a toilet that he was standing on shattered. ECF Dkt. #1-2 at 11.  Plaintiff alleged that a guard told him to remove toilet paper covering the vent above a porcelain toilet in his cell that a prior occupant had placed there and when he stood on the toilet to reach the vent, the porcelain toilet shattered and he fell, injuring his left forearm, right palm and left knee, which were all cut open to the bone by the porcelain. *Id*.  Plaintiff was taken to St. Elizabeth Hospital and laid in a hospital bed for two and a half hours before Defendant Tallam examined him and thereafter ordered Defendant John Doe Number 1 to suture the wounds. *Id*.  Plaintiff alleges that Defendant John Doe Number 1, with Defendant Tallam's acquiescence, refused to give him pain medication before suturing the wounds and told him that Defendant John Doe Number 1 "may or may not give Mr. Perotti some Tylenol 'if they felt like it.'" *Id*. at 12.  Plaintiff was told to leave if he did not like it. *Id*.  Plaintiff averred that when he told Defendant Tallam that if no pain medications were dispensed, he either wanted a second opinion or to be returned to NEOCC. *Id*.  Plaintiff alleged that Defendant Tallam told the guards that he did not get a second opinion and should be wrapped with gauze and returned to NEOCC. *Id.*  Plaintiff averred that he was returned to NEOCC without stitches. *Id*.

Upon return to NEOCC, Plaintiff alleged that he asked that Defendant Cajigas or anyone suture his wounds and he indicated that he was dizzy.  ECF Dkt. #1-2 at 12.  He averred that he fell to the floor and hit his head, and woke up at 2:00 a.m. lying in a pool of his own blood, with no one checking on him or helping to revive him. *Id*.  He alleged that he remained in an isolation cell, he was not given daily bandage drainage and he was not sutured, and then he was released into the general population with gaping wounds with the assurance that he would receive daily bandage changes. *Id*.  However, Plaintiff claimed that he never received daily bandage changes and his wounds became infected and he was denied antibiotics and pain medications. *Id*.  He alleged that he was forced to buy these medications on the "black market" because of Defendants' deliberate indifference. *Id.*  He contends that all of this happened because he was labeled a "jailhouse lawyer" and had Hepatitis C virus ("HCV") and Hepatitis B ("HBV"). *Id.*

5

Plaintiff further averred that he was not tested for HCV or HBV although he had full blown symptoms and had requested testing from Defendants Cajigas and Andrade. ECF Dkt. #1-2 at 12. He complained that these Defendants told him that he would not receive any treatment until he was assigned to a permanent prison. *Id*. Plaintiff also alleged that Defendants CCA and Tapia violated ADA and RFA and exercised deliberate indifference by placing cellmates in his cell while knowing that he had HCV, HBV and prior staph infections. *Id.* at 13.

Plaintiff further alleged that CCA and NEOCC provided a roadblock to his Prison Litigation Reform Act rights, committed negligence, and violated the First, Fourth, Fifth and Fourteenth Amendment by failing to provide an effective administrative remedy for him. ECF Dkt. #1-2 at 13-14. Plaintiff averred that CCA was aware of the fact that it could avoid litigation if it ignored prisoner grievances, such as his, and claimed that they never received them. *Id.* at 13. He asserted that CCA only responded to those grievances that they could mark rejected due to inmates failing to prove that they informally resolved the matter. *Id.* Plaintiff further complained that when he started calling the Director of Legal Affairs, Director of Operations and Regional Operations, the Ohio Correctional Institution and Inspection Committee, the Ohio Medical Review Board, and the Ohio Bureau of Adult Detention Centers to investigate the facts in his complaint, CCA blocked all of these phone numbers so no one could call from the prison. *Id.* He also stated that CCA does not provide the forms specified in 28 C.F.R. §542.13[8], *et seq*., despite the fact that it claims that it is a contract Federal Bureau of Prisons ("BOP") institution. *Id.* at 14.

In his prayer for relief, Plaintiff requested a declaratory judgment that the acts in his complaint violated the ADA, RFA, First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, as well as the torts of negligence, conversion, breach of contract and assault. ECF Dkt. #1-2 at 14. He also requested a temporary and permanent injunction enjoining Defendants

---

[8] Plaintiff cites to 28 C.F.R. § 54213, but evidently means 28 C.F.R. § 542.13, which is the beginning section relating to the administrative remedy program for the BOP.

6

to, (1) promulgate constitutionally adequate written rules on procedural and substantive due process, access to the law library, medical treatment, handling of prisoners' property, "revise medical contracts policy, etc.," (2) treat him for HCV, HBV, chronic pain with medications ordered and recommended by specialists, (3) open the law library seven days a week and allow NEOCC prisoners daily four-hour access, with computers, typewriters and updated books, (4) cease and desist from retaliating against him, (5) order a special master to oversee operations and define the agencies that have jurisdiction over inspection, (6) replace all of his destroyed and missing legal and personal property, (7) reinstate all of the civil and criminal matters dismissed due to interference from Defendants, (8) order all Defendants to provide a responsive grievance system, and (9) remove all references from his marshal's form which refer to him as a "jailhouse lawyer" who sues prison officials and stabbed a guard in 1982. *Id*. at 14-15.  Plaintiff also requested compensatory damages of $200,000.00 against each Defendant and $400,000.00 in punitive damages against each Defendant. *Id*. at 15.

### 2. CASE NUMBER 1:06CV1878

Nearly one year after his complaint in Case Number 4:05CV2739, on June 13, 2006, Plaintiff drafted another complaint, this time only against Defendants Fritsche, Favre, Sacco, Kauchek, Guzic and "Malone"[9] and filed it in the Cuyahoga County Court of Common Pleas. *See* ECF Dkt. #1-2 in Case Number 1:06CV1878.  Defendants removed the complaint to this Court on August 4, 2006.  ECF Dkt. #1 in Case Number 1:06CV1878.[10]

In this complaint, Plaintiff alleged virtually the identical claims against Defendants Fritsche, Favre, Sacco, Kauchek, Guzic and Maroney that he did in the complaint in Case Number 4:05CV2739.  He averred that on July 10, 2003, Defendants Fritsche, Favre, Sacco, Kauchek and Guzic assaulted him while he was handcuffed and refused to provide him with

---

[9] From the context of the complaint facts and allegations, this appears to the be the same nurse referred to as Nurse "Maury" in Case Number 4:05CV2739 and renamed as "Maroney" in a subsequent filing in that case.

[10] All docket entry references from this point until otherwise noted are for Case Number 1:06CV1878.

7

medical care when he requested it, which constituted unnecessary and excessive force and deliberate indifference to his serious medical needs. ECF Dkt. #1-2 at 3. He also alleged that Nurse "Malone" (Maroney) conspired with Defendants when she circumvented Dr. Bisha's order to admit Plaintiff to Lakewood Hospital and completed an "Against Medical Advice" form stating that Plaintiff did not want treatment. *Id*. at 3-4.

Plaintiff further alleged that he had exhausted his administrative remedies as he used the grievance system but received no responses. ECF Dkt. #1-2 at 4. Plaintiff requested that the Court declare that the allegations set forth in the complaint constitute violations of the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1983 and 1985. *Id.* at 5. He also requested compensatory damages in the amount of $50,000.00 from each Defendant and punitive damages of $100,000.00 from each Defendant. *Id.*

### B. SIXTH CIRCUIT REVERSAL OF DISMISSAL OF PLAINTIFF'S COMPLAINT IN CASE NUMBER 1:05CV2739

On January 17, 2006 in Case Number 1:05CV2739, Defendants Place and Stech filed a motion to dismiss Plaintiff's complaint based upon various theories, including Plaintiff's failure to exhaust administrative remedies as required by the PLRA. ECF Dkt. #18 in Case Number 1:05CV2739. On March 17, 2006, the undersigned issued a Report and Recommendation pursuant to the Sixth Circuit Court of Appeals' decision in *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2006), recommending that the District Court Judge dismiss Plaintiff's complaint in its entirety without prejudice because he failed to show that he exhausted his administrative remedies. ECF Dkt. #35 in Case Number 1:05CV2739. The District Court adopted this Report and Recommendation on April 17, 2006 and dismissed Plaintiff's complaint in its entirety without prejudice. ECF Dkt. #s 47, 48 in Case Number 1:05CV2739.

On April 24, 2006, Plaintiff filed a motion to alter or amend the District Court's judgment to include a certificate of appealability, which was denied by the Court on May 30, 2006. ECF Dkt. #s 49, 50 in Case Number 1:05CV2739.

On June 7, 2006, Plaintiff filed a notice of appeal to the Sixth Circuit Court of Appeals. ECF Dkt. #52 in Case Number 1:05CV2739.  On April 9, 2007, while his appeal was pending, Plaintiff filed a motion requesting that the Sixth Circuit remand his case due to the recent holding by the United States Supreme Court in *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.E.2d 798 (2007).  In *Jones v. Bock*, the United States Supreme Court overturned three specific rules imposed by the Sixth Circuit Court of Appeals on prisoners under the exhaustion requirement of the PLRA.  549 U.S. 199, 127 S.Ct. 910, 166 L.E.2d 798 (2007).  The Court held that: (1) "failure to exhaust is an affirmative defense under the PLRA, and [that] inmates are not required to specially plead or demonstrate exhaustion in their complaints"; (2)  while the PLRA required exhaustion of administrative remedies, "nothing in the statute imposes a 'name all defendants' requirement along the lines of the Sixth Circuit's judicially created rule"; and (3)  a prisoner's complaint cannot be dismissed in its entirety when only some, but not all, of his claims are unexhausted.  *Id.* at 919-924.  Accordingly, on March 21, 2008, the Sixth Circuit Court of Appeals granted Plaintiff's motion to remand his case to the District Court based upon the *Boch* decision.  ECF Dkt. #55 in Case Number 1:05CV2739.

### C. MOTION TO CONSOLIDATE BEFORE JUDGE NUGENT

On May 27, 2008 and May 28, 2008, respectively, Plaintiff filed in each of his cases the same motion to consolidate Case Number 1:06CV1878 with Case Number 1:05CV2739.  ECF Dkt. #57 in Case Number 1:05CV2739 and ECF Dkt. #21 in Case Number 1:06CV1878.  As support for his motion, Plaintiff asserted that "both cases are the same cause of action against the same defendants in the Lakewood cause of action." *Id.*

On June 30, 2008, Judge Nugent, the presiding Judge in Case Number 1:06CV1878, denied Plaintiff's motion to consolidate, finding that since Case Number 1:05CV2739 was filed first and is presided over by Judge Economus, it was improper to consolidate both cases before Judge Nugent.  ECF Dkt. #23 in Case Number 1:06CV1878.  However, he found that transferring the 1:06CV1878 case to Judge Economus was proper since Judge Economus

9

consented to the transfer and the claims filed against the Lakewood Detectives in Case Number 1:06CV1878 "are substantially the same" as those filed in the 1:05CV2739 case.  *Id.*

## II.     INSTANT MOTIONS TO SEVER AND CONSOLIDATE (ECF DKT. #s 89, 91)

On July 15, 2008, the undersigned held case management conferences in both cases.  The consolidation of the cases was discussed.  Consequently, on September 22, 2008, Plaintiff filed the instant "Motion to Sever Defendants Fritsche, Favre, Sacco, Kaucheck, Guzic and John Doe No. 1 & No. 2 from the other Defendants Making a Separate Action so Perotti v. Detective Fritche, Case No. 1:06-CV-1878 can be Dismissed Voluntarily."  ECF Dkt. #89 in Case Number 1:05CV2739.  In this motion, Plaintiff moved the Court to sever the Lakewood Detective Defendants from the 1:05CV2739 case and open a new case with only these Defendants.  *Id*.  Plaintiff indicated that once this was done, he would voluntarily dismiss the 1:06CV1878 case.  *Id.*  Plaintiff stated his belief that if he voluntarily dismissed the Lakewood Detective Defendants himself from the 1:05CV2739 case, he would face statute of limitations issues.  *Id.*

On September 26, 2008, Plaintiff filed another motion to sever, this time captioning it as a "Motion to Sever and Consolidate Lakewood Detective Defendants with Perotti vs. Lakewood Detective Fritsche et al., Recently Transferred to this Docket."  ECF Dkt. #91 in Case Number 1:05CV2739.  In this motion, Plaintiff requested that the Court sever all of the Lakewood Detective Defendants from the 1:05CV2739 case and consolidate them with the recently transferred 1:06CV1878 case because "all claims are identicle[sic]".  *Id*.

On October 8, 2008, Lakewood Detective Defendants filed a response.  ECF Dkt. #94.  They indicated that they did not oppose Plaintiff's motion to sever and consolidate, but they wanted to clarify the record as to Plaintiff's request.  *Id.* at 1.  Defendants asserted that severance of them from the remaining Defendants named in the 1:05CV2739 case was appropriate under Rules 20(a) and 21 of the Federal Rules of Civil Procedure because the claims against them and against the other Defendants arose from separate transactions or occurrences.  *Id.*  Defendants also stated that consolidation of the Lakewood Detective Defendants with the 1:06Cv1878 case

10

was appropriate under Rule 42(a) of the Federal Rules of Civil Procedure because both actions involve common questions of law and fact and would provide the most efficient manner in which to proceed.  *Id.*  The Lakewood Detective Defendants requested that if the Court chose to consolidate the cases, they wished to file a substitute dispositive motion which would readdress the issues raised in their currently pending motion to dismiss, but within the context of the consolidated claims.  *Id*. at 2.

Upon more thorough review of Plaintiff's cases and the filings, the undersigned recommends that the Court DENY Plaintiff's "Motion to Sever Defendants Fritsche, Favre, Sacco, Kauchek, Guzic and John Doe No. 1 & No. 2 from the other Defendants making a Separate Action so Perotti v. Detective Fritche, case No. 1:06-CV-1878 can be Dismissed Voluntarily."  ECF Dkt. #89.  The undersigned does not find it efficient to create yet another case in which to place the Lakewood Detective Defendants so that Plaintiff can voluntarily dismiss the 1:06CV1878 case.

The undersigned also recommends that the Court DENY Plaintiff's "Motion to Sever and Consolidate Lakewood Detective Defendants with Perotti vs. Lakewood Detective Fritsche et al., Recently Transferred to this Docket."  ECF Dkt. #91.  This motion contradicts Plaintiff's first motion to sever (ECF Dkt. #89 motion) as Plaintiff seeks in ECF Dkt. #91 motion to sever all Lakewood Detective Defendants from the 4:05CV2739 and consolidate them with the 1:06CV1878 case, which is the same case that Plaintiff stated in his ECF Dkt. #89 motion that he would not voluntarily dismiss due to statute of limitations issues until the Court opened a third case and transferred the Lakewood Detective Defendants into it.  ECF Dkt. #89.

Further, the undersigned recommends that the Court find that the most efficient way to proceed is to dismiss Plaintiff's 1:06CV1878 case sua sponte because Plaintiff himself admits that the claims in that case are identical to those against the Lakewood Detective Defendants in Case Number 1:05CV2739.  ECF Dkt. #91.  In addition, Plaintiff's claims against Nurse Maroney in Case Number 1:05CV2739 are also the same claims that he brought against her in

Case Number 1:06CV1878 and thus the undersigned also recommends that the Court dismiss Plaintiff's claims against Nurse "Malone" in Case Number 1:06CV1878 as well.  The Court can then proceed with all of the Defendants in the 1:05CV2739 case, including the Lakewood Detective Defendants and Defendant Maroney, since they are already named in the 1:05CV2739 case.

The undersigned notes that sua sponte dismissals are generally not favored.  However, "a complaint that merely repeats pending...claims may be dismissed sua sponte." *Brazell v. Muller*, No. C 03-5831 MMC PR, 2004 WL 569898 (N.D. Cal. Mar. 17, 2004), citing generally *Cato v. U.S.*, 70 F.3d 1003, 1105, n.2 (5th Cir. 1988).  In *Brazell*, the court noted that the allegations presented in plaintiff's complaint before it were identical to allegations that he had filed in another complaint filed earlier that same day.  2004 WL 569898.  The court found that because the allegations were identical, there was no need to proceed in the case before it as an independent action.  *Id*.

Accordingly, the undersigned recommends that the Court find that proceeding with identical claims against the same Lakewood Detective Defendants and Defendant Maroney in two separate cases would be inefficient since Plaintiff admits that the claims against these Defendants in 1:06CV1878 are identical to those in 1:05CV2739.  ECF Dkt. #91.  While the claims against these Defendants are separate from those against the other Defendants as they occurred at different times, keeping them in the 1:05CV2739 case and dismissing the 1:06CV1878 avoids duplicate filings, discovery and litigation.  Moreover, allowing these Defendants to remain in the 1:05CV2739 case addresses Plaintiff's concerns with regard to a statute of limitations issue that he believed may have arisen if the Lakewood Detective Defendants and Defendant Maroney were dismissed from the 1:05CV2739 action and only remained in the 1:06CV1878 action.

Lastly, having all Defendants in one case avoids the confusion of creating a third case, as would be necessary if the 2005 case were to be severed and the 06 case dismissed.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court DENY Plaintiff's "Motion to Sever Defendants Fritsche, Favre, Sacco, Kauchek, Guzic and John Doe No. 1 & No. 2 from the other Defendants making a Separate Action so Perotti v. Detective Fritche[sic], Case No. 1:06-CV-1878 can be Dismissed Voluntarily (ECF Dkt. #89) and DENY Plaintiff's "Motion to Sever and Consolidate Lakewood Detective Defendants with Perotti vs. Lakewood Detective Fritsche et al., recently Transferred to this Docket (ECF Dkt. #91).

Further, the undersigned further recommends that the Court dismiss Case Number 1:06CV1878 sua sponte for the reasons explained above.

Should the Court adopt the instant Report and Recommendation and dismiss the 1:06CV1878 case, the parties in the 1:06CV1878 case shall be governed by the Case Management Conference Order issued in the 1:05CV2739 case, including the deadlines for filing motions. All filings in the 1:06CV1878 shall be rendered moot by the dismissal. Consequently, the undersigned recommends that the Court allow the Lakewood Detective Defendants to file a substitute dispositive motion as they requested in their response to Plaintiff's motion to sever and consolidate. ECF Dkt. #94.

Dated: October 27, 2008  */s/ George J. Limbert*
GEORGE J. LIMBERT
U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).