UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. PEROTTI, | ) | CASE NO. 4:05CV2739 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| JASON MEDLIN, et al., | ) | **INTERIM REPORT AND** |
| | ) | **RECOMMENDATION OF** |
| | ) | **MAGISTRATE JUDGE** |
| Defendants. | ) | |
| | ) | |

Before the undersigned is a motion to dismiss Plaintiff John Perotti's (Plaintiff) complaint filed by Defendants Jason Place (Defendant Place), Dan Stech (Defendant Stech) and Defendant United States of America. ECF Dkt. #60. For the following reasons, the undersigned recommends that the Court convert the motion to dismiss to a motion for summary judgment and GRANT IN PART AND DENY IN PART the motion. *Id.*

On March 21, 2008, the Sixth Circuit Court of Appeals vacated the judgment of the Honorable Peter C. Economus who had affirmed the undersigned's Report and Recommendation dismissing Plaintiff's case in its entirety due to his failure to exhaust administrative remedies as to his claims against Defendants Place, Stech and USA. ECF Dkt. #55. While Plaintiff's appeal was pending before the Sixth Circuit, the law regarding exhaustion as outlined by the Sixth Circuit had changed. In *Jones v. Bock*, the United States Supreme Court overturned three specific rules imposed by the Sixth Circuit Court of Appeals on prisoners under the exhaustion requirement of the Prison

1

Litigation Reform Act (PLRA).  549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  The Supreme Court held that: (1) failure to exhaust is an affirmative defense under the PLRA, and inmates need not plead or demonstrate exhaustion in their complaints; (2) while the PLRA requires exhaustion of administrative remedies, it does not require a 'name all defendants' requirement that the Sixth Circuit required; and (3) a prisoner's complaint cannot be dismissed in its entirety when only some, but not all, of his claims are unexhausted.  *Id.* at 211-224.

Thus, the Sixth Circuit Court of Appeals remanded Plaintiff's case to this Court for further proceedings consistent with *Jones*.  ECF Dkt. #55.  Judge Economus then re-referred the case to the undersigned.  ECF Dkt. #56.  The undersigned held a Case Management Conference on August 27, 2008 with the following individuals appearing by telephone:  Plaintiff, with legal advisor Attorney Terry Jennrich; Attorney Timothy Bojanowski, appearing on behalf of Defendants Jason Medlin, Robert Tapia, Yohmarie Cajigas, Janardan Tallam, Bill Andrade, and Corrections Corporation of America (CCA); Attorney John Pinzone, appearing on behalf of John Doe Number 1, a physician's assistant, Lakewood Detectives Fritsche, Favre, Sacco, Kaucheck, Guzic, and John Doe Number 2, a patrolman; and Assistant United States Attorney Lynne Haddad Buck, appearing on behalf of Defendant United States of America and Defendants Place and Stech.  ECF Dkt. #79.

## A.	FACTS AND PROCEDURAL HISTORY

On September 7, 2005, Plaintiff filed a complaint in the Mahoning County Court of Common Pleas against:  Jason Medlin, warden of the Northeast Ohio Correctional Center (NEOCC); Robert Tapia, assistant warden of the NEOCC; Yohmarie Cajigas, a physician at the NEOCC; Janardan Tallam, a physician at St. Elizabeth Health Care Center; John Doe No. 1, a physician's assistant at St. Elizabeth Health Care Center; Corrections Corporation of America (CCA); Bill Andrade, a physician and acting chief medical officer for CCA; Dan Foche and Jason Place, assistant United States Marshals; L. Maury, a nurse employed at Lakewood Hospital under contract with the

Lakewood Police Department; and Defendants Frische, Favre, Sacco, Kaucheck, Guzik and John Doe No. 2, detectives for the Lakewood City Police Department.  ECF Dkt. #1, Attachment 1.

On November 23, 2005, Defendants Place and Foche removed Plaintiff's complaint to this Court and the United States of America (Defendant USA) filed a Notice of Substitution, substituting itself as the sole defendant in place of Defendants Place and Foche in their individual capacities with regard to any common law tort claims filed pursuant to 28 U.S.C. § 2679(d)(1).  ECF Dkt. #3.

On January 5, 2006, Plaintiff filed a document to correct his complaint to replace the surname of Defendant Dan Foche with Stech.  ECF Dkt. #15.  Defendant Foche is hereinafter properly referred to as Defendant Stech.

The only count of Plaintiff's complaint that concerns Defendants Place, Stech and USA is Count One.  In this count, Plaintiff sues Defendants Place and Stech in their official and individual capacities for retaliation, alleging that because he was labeled a "jailhouse lawyer", Defendant Stech retaliated against him on June 30, 2004 by throwing away over $500.00 worth of his legal and personal property, including a walking cane, and told him that he could sue if he did not like it.  ECF Dkt. #1, Attachment 1 at 6.  Plaintiff also contends that Defendant Place came to the Euclid City Jail on or about February 4, 2005 to transport him and threw away $100.00 worth of his commissary items.  *Id*.  Plaintiff further avers that both Defendants Place and Stech placed all of his legal files and research materials in a closet on the Marshal's Office floor and told him that they would mail the materials to him within a week of his arrival at the Federal Detention Center, but they never mailed the items which resulted in the dismissal of five of his cases.  *Id.*  Plaintiff further avers that Defendants Place and Stech both informed him that they did not like jailhouse lawyers and they would "trash" his personal property every chance that they could.  *Id.*  Plaintiff alleges that Defendants Stech and Place again threw away his personal and legal items on April 22, 2005 when they brought him to their Cleveland Office from Michigan's Federal Detention Center.  *Id*. at 7.

3

On June 6, 2006, Defendants Place, Stech and USA filed a motion to dismiss Plaintiff's claims against them.  ECF Dkt. #60.  Plaintiff filed a response to the motion to dismiss and also filed a motion to convert Defendants' motion to dismiss into a motion for summary judgment because Defendants had attached a declaration to their motion to dismiss and used it as evidence in favor of their motion.  ECF Dkt. #65.  On August 27, 2008, the undersigned held a telephonic Case Management Conference and all parties and counsel agreed that the Court could convert Defendants' motion to dismiss into a motion for summary judgment.  Consequently, on August 28, 2008, the undersigned granted Plaintiff's motion to convert the dismissal motion into a summary judgment motion.  *Id*.

**B**.    **§ 1983, ADA AND FRA CLAIMS**

In reviewing Plaintiff's complaint against Defendants Place and Stech, he appears to confine his claims to those relating to retaliation and the FTCA.  ECF Dkt. #1-2 at 5-7.  However, in a footnote on page 7, Plaintiff states that his retaliation claim is a "claim violating Mr. Perotti's First, Fourth, Fifth, Eighth, and Fourteenth Amendment Rights, as well as the ADA and RFA[1]"  *Id*. at 7. Despite his lack of any further factual or legal analysis regarding the ADA and FRA relating to these Defendants in his motion, Defendants have nevertheless addressed these claims in their motion.

Defendants Place and Stech first assert that they are not amenable to suit under 42 U.S.C. § 1983 because they are federal actors, not state actors.  ECF Dkt. #60-2 at 5.  The undersigned agrees and recommends that the Court dismiss any §1983 claim asserted by Plaintiff against these federal Defendants.  42 U.S.C. §1983 rarely applies to actions against federal officials because the statute requires that a plaintiff show that he was deprived of rights guaranteed by the United States Constitution or federal law by a person acting under the color of state law, not federal law, and

---

[1] Although Plaintiff cites the "RFA", he evidently meant to use "FRA" for the Federal Rehabilitation Act. *See* ECF Dkt. #1-2 at 2, 7.

4

federal officials usually act under federal law, not state law. *See* 42 U.S.C. §1983; *Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997). There are circumstances in which a federal official can act under "color of state law", but Plaintiff fails to show and the undersigned fails to find that the actual nature and character of Defendants Place and Stech's actions in this case constituted actions taken under state law. *See Strickland*, 123 F.3d at 866, citing *Rowe v. Tennessee*, 609 F.2d 259, 263-264 (6th Cir. 1979); *Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992); *Olson v. Norman*, 830 F.2d 811, 821 (8th Cir. 1987); *Jorden v. Nat'l Guard Bureau,* 799 F.2d 99, 111 n. 17 (3d Cir. 1986), *cert.denied*, 484 U.S. 815, 108 S.Ct.66, 98 L.Ed.2s 30 (1987); *Reuber v. United States*, 750 F.2d 1039, 1061 (D.C. Cir. 1984); *Knights of the Ku Klux Klan v. East Baton Rouge Parish Sch. Bd.*, 735 F2d 895, 899-900 (5th Cir. 1984); *Kletschka v. Driver*, 411 F.2d 436, 448-449 (2d Cir. 1969). For these reasons, the undersigned recommends that the Court GRANT Defendants Place and Stech summary judgment on Plaintiff's §1983 claims against them.

Defendants Place and Stech also argue that the Court should dismiss the ADA and FRA claims against them because neither statute creates a private right of action against individual employees for retaliation. ECF Dkt. #60-2 at 5-6. The undersigned finds that Defendants Place and Stech are correct. The Sixth Circuit Court of Appeals has held that individual employees may not be held personally liable under the ADA because the statute prohibits "public entities" from discriminating against disabled individuals. *Williams v. McLemore*, No. 05-2678, 247 Fed. Appx. 1, 2007 WL 1748146 at **6 (June 19, 2007), citing *Sullivan v. River Valley Sch. Dist.,* 197 F.3d 804, 808, n. 1 (6th Cir. 1999); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404-405 n. 6 (6th Cir. 1997). Further, in *Hiler v. Brown*, the Sixth Circuit Court of Appeals held that "individuals who are not employers under Title VII cannot be held personally liable for retaliation under the Rehabilitation Act." 177 F.3d 542, 546 (6th Cir. 1999). Plaintiff provides no contrary argument or authority. Accordingly, the undersigned recommends that the Court GRANT Defendants Place and Stech

5

summary judgment on Plaintiff's ADA and FRA claims against them.

The undersigned notes that Plaintiff has also sued Defendants Place and Stech in their official capacities under §1983, the ADA and the FRA.  A suit against an agent or officer of the United States in his official capacity is a suit against the United States. 28 U.S.C. § 1346(b).  Thus, Defendant United States properly filed a notice of substitution, seeking to substitute itself for these Defendants with regard to common law tort claims.  ECF Dkt. #3.  The United States is not subject to claims under §1983 due to sovereign immunity.  *See United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976).  Accordingly, the undersigned recommends that the Court GRANT summary judgment in favor of Defendant United States.

As to the ADA claim, the United States is excluded from the definition of an "employer" under the ADA.  Section 12111(5)(B)(I) of Title 42, the definition section applicable to the ADA, specifically states that the term "employer", as used in the ADA, does not include "the United States government."  42 U.S.C. §12111(5)(B)(I); *see also Bolden v. Ashcroft*, 515 F.Supp.2d 127, 137 (D.D.C. 2007)("The ADA explicitly exempts the federal government from coverage.").  Thus, the undersigned recommends that the Court GRANT summary judgment in favor of Defendant United States on Plaintiff's ADA claim.

Moreover, Defendant United States asserts sovereign immunity as to Plaintiff's FRA claim, arguing that it not subject to lawsuits except in specific instances in which it waives its sovereign immunity.  Defendant is correct that sovereign immunity bars suits against the United States for money damages and bars money damage suits against United States officers and agents in their official capacities. *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002), citing *Reed v. Reno*, 146 F.3d 392, 297-398 (6th Cir. 1998) and *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115-116 (6th Cir. 1988).  A waiver of sovereign immunity by the federal government must

be "unequivocally expressed in statutory text", will not implied and will be strictly construed in favor of the government. *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). In *Lane*, the Supreme Court held that no clear expression of waiver of sovereign immunity is found in the relevant provisions of the FRA, including Sections 504 and 505. *Id*. at 193. The Court further stated that the reference to "a Federal provider"[2] of assistance in Section 504 did not establish Congress' express waiver of immunity against monetary damages by the federal government. *Id*.

Since the statute at issue here does not make clear that sovereign immunity is waived, the undersigned recommends that the Court GRANT summary judgment in favor of Defendant United States on any claim asserted by Plaintiff with regard to violations of the FRA.

## C. ***BIVENS* CLAIMS**

Plaintiff also makes mention of a lawsuit against Defendants Place and Stech in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). While Plaintiff states in the "History" portion of his complaint that his claims are based upon the ADA, FRA, § 1983, common law negligence, breach of contract and conversion, he also sues Defendants Place and Stech in their individual capacities for violating his constitutional right of protection against retaliation for the exercise of his First Amendment rights to pursue legal redress for himself and others in the prison system. ECF Dkt. #1-2 at 6-7. He further states in the Administrative Exhaustion portion of Count

---

[2] Section 504(a) of the FRA (29 U.S.C. § 794(a)) provides the following:

[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

Section 505(a)(2) of the Act (29 U.S.C. § 794a(a)(2) describes the remedies for a violation of § 504(a): "The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under [§ 504]."

1 of his complaint that § 1983 and "*Bivens*" apply. *Id.* at 7.

Defendants Place and Stech assert that they are entitled to summary judgment on Plaintiff's *Bivens* retaliation claim because he failed to exhaust his administrative remedies. ECF Dkt. #60-2 at 6. In support, they cite caselaw holding that a prisoner must exhaust all administrative remedies under the Prison Litigation Reform Act (PLRA) before filing a lawsuit pursuant to *Bivens*. *Id.* They refer to Plaintiff's acknowledgment in his brief that he did not even attempt to exhaust administrative remedies as to the *Bivens* claims because he believed that no grievance procedure existed for filing such a claim. ECF Dkt. #74 at 5, citing ECF Dkt. #66 at 5-6. They also attach a declaration by Gerald Auerbach, General Counsel for the United States Marshals Service, Department of Justice, Arlington, Virginia, who attested that he searched the FTCA claims records and found no FTCA claims presented to the United States Marshals Service by Plaintiff arising out of the incidents that he described in the complaint. ECF Dkt. #60-2.

The undersigned recommends that the Court DENY Defendants Place and Stech summary judgment on this claim because they fail to meet their burden under *Jones v. Bock* of raising and proving the affirmative defense of Plaintiff's failure to exhaust his administrative remedies. As explained above, the United States Supreme Court held in *Jones* that a prisoner is not required to plead or demonstrate exhaustion in his complaint. *Id.* at 216-217. The Court further held that failure to exhaust is an affirmative defense. *Id.* While neither the Supreme Court nor the Sixth Circuit have addressed whether the burden of proof is on the prisoner or the defendant to prove lack of exhaustion, the District Court for the Western District of Michigan and other circuit courts of appeal have held that it is the defendant who shoulders the burden of raising and proving the affirmative defense. *Carson v. Monroe*, No. 2:07-CV-29, 2008 WL 822150 (W.D. Mich. March 26, 2008).

In *Carson*, a magistrate judge recommended that the court deny the defendants' motions to dismiss a prisoner's complaint for failure to exhaust administrative remedies because *Jones v. Bock*

8

shifted the burden of proof to the defendants to prove the prisoner's failure to exhaust and they could no longer rely solely upon documentation attached to a plaintiff's complaint to show the lack of exhaustion. 2008 WL 822150 at *1. The defendants objected to the report and recommendation, arguing that *Jones* did not place the burden of proving that the plaintiff failed to exhaust remedies upon them and it only required them to raise the defense of failure to exhaust. *Id.*

The *Carson* Court adopted the report and recommendation of the magistrate judge, finding that the defendants failed to cite any language in *Jones* that suggested that the burden of proof was on the plaintiff and not on them to prove a lack of exhaustion. 2008 WL 822150, at *1. Acknowledging that neither the Supreme Court nor the Sixth Circuit had yet addressed this issue, the *Carson* court looked to holdings in other circuits which found that it is the prison officials that shoulder the burden of both raising and proving a prisoner's lack of exhaustion of administrative remedies. *Id.* at *1, citing *Obriecht v. Raemisch*, 517 F.3d 489, 2008 WL 465845, at *2 (7th Cir. Feb. 22, 2008)("Failure to exhaust administrative remedies is an affirmative defense , and consequently, the burden of proof is on the prison officials"); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007)(stating that "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant") and *Foster v. Morris*, 208 F.App'x 174, 178 (3d Cir. 2006)("Failure to exhaust administrative remedies is an affirmative defense, and the burden of pleading and proving non-exhaustion rests with the defendants."). The court further agreed with the magistrate judge's finding that the defendants may not rely upon documents attached to the plaintiff's complaint in order to prove a lack of exhaustion. *Carson*, 2008 WL 822150, at *1.

Based upon *Carson* and the other cited cases, the undersigned recommends that the Court find that Defendants Stech and Place have failed to meet their burden of raising and proving that Plaintiff did not exhaust his administrative remedies on his *Bivens* claims against them. First, Defendants Place and Stech fail to identify the procedure for filing an administrative claim against

Assistant United States Marshals.  Second, they fail to address Plaintiff's contention that no such procedure exists for exhausting a claim.  Third, even if a procedure exists, Defendants have failed to present a factual basis for their claim that Plaintiff failed to exhaust available remedies.  The declaration by Attorney Auerbach does not provide support for a failure to exhaust a *Bivens* claim since he merely attests that he searched the *FTCA claims records* and found no *FTCA claims* presented to the Marshals Service by Plaintiff.  ECF Dkt. #60-3.  Attorney Auerback mentions nothing about a *Bivens* claim or that he is in charge of the filing, evaluation and disposition of claims other than FTCA claims.  Accordingly, the undersigned recommends that the Court DENY Defendant Place and Stech's motion for summary judgment on Plaintiff's *Bivens* claim.  ECF Dkt. #60.

However, the undersigned recommends that the Court dismiss Plainitff's *Bivens* claims in part.  To the extent that Plaintiff attempts to assert a *Bivens* claim against Defendant United States by suing Defendants Place and Stech in their official capacities, the undersigned recommends that the Court deny any such claim because a *Bivens* action lies only against individual federal officers and not the United States.  *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001).  Moreover, a suit against officers in their official capacities is a suit against the entity, which is in this case, the United States.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Defendants Place and Stech also assert that they are entitled to summary judgment on Plaintiff's *Bivens* claims under the qualified immunity doctrine.  ECF Dkt. #60-2 at 8-11.  They contend that Plaintiff has failed to meet the first prong of qualified immunity because he has not established that they engaged in conduct violative of clearly established constitutional law.  *Id*. at 10-11.  They claim that Plaintiff's challenge to the handling of his papers and his assertion that they referred to him as a "jailhouse lawyer" were tort allegations only and not allegations showing a

10

constitutional violation by Defendants Place and Stech. *Id*. at 11.

The doctrine of qualified immunity protects government officials performing discretionary functions from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  When officials are sued in their individual capacities, they may be protected from liability from damages if the alleged wrongful conduct was committed while they performed a function protected by qualified immunity. *Anthony v. Vaccaro*, 43 F.Supp.2d 843, 845 (N.D. Ohio 1999), citing *Cagle v. Gilley*, 957 F.2d 1347, 1348 (6th Cir. 1992).  In *Champion v. Outlook Nashville, Inc*., the Sixth Circuit Court of Appeals set forth the three-part test for determining whether qualified immunity applies:

> *First*, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred.  *Second*, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known.  *Third,* we determine whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

380 F.3d 893, 900-901 (2004), quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003).  If all three of these questions are answered in the affirmative, the Court should not grant qualified immunity.  *Id.* at 901.

In determining the first two elements of qualified immunity, the Court must look at the elements that Plaintiff must demonstrate in order to establish a First Amendment retaliation claim. To show retaliation violative of the First Amendment, a prisoner must show that (1) he was engaged in protected conduct; (2) an adverse action was taken against the prisoner that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection exists between the protected conduct and the adverse action. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)(en banc).  A prisoner does have a constitutional right to access to the courts for his

11

own legal claims.  *Id*. at 395.  However, a prisoner does not have an independent right to help other prisoners with their legal claims unless the prisoner shows that his legal assistance is necessary in order to provide that inmate with constitutionally-protected access to the courts.  *Id.*

The undersigned recommends that the Court find that Plaintiff has not sufficiently raised genuine issues of material fact so as to defeat a claim of qualified immunity and proceed with his First Amendment retaliation claim as to helping with the legal claims of others. Plaintiff emphasizes that he has been retaliated against by Defendants Place and Stech because he is a jailhouse lawyer. However, he fails to show that his legal assistance was necessary in order to provide another inmate with constitutionally-protected access to the courts.  *Thaddeus-X,* 175 F.2d at 395.

However, the undersigned recommends that the Court DENY Defendants Place and Stech summary judgment as to Plaintiff's *Bivens* claims insofar as they relate to claims of retaliation against him because he was a jailhouse lawyer representing his own claims.  The term "jailhouse lawyer" is legally defined as "a prison inmate who seeks release through legal procedures or who gives legal advice to other inmates."  Black's Law Dictionary (8th ed. 2004).  Based upon this definition, and Plaintiff's representations that Defendants Place and Stech destroyed his personal and legal materials because he was pursuing his own legal remedies, a reasonable person could conclude that Plaintiff has set forth a constitutional violation as to his own legal claims.

Having recommended that the Court find that Plaintiff's complaint sets forth a constitutional claim as to his own  legal claims, the undersigned next turns to the remaining elements of qualified immunity, that is, whether the violation involved a clearly established constitutional right of which a reasonable person would have known and whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

The undersigned recommends that the Court find that Plaintiff has presented a sufficient showing of these remaining elements so as to defeat a claim of qualified immunity. In determining whether a right is clearly established, this Court looks first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts in the Circuit, and thereafter to decisions of other circuits. *Dietrich v. Burrows,* 167 F.3d 1007, 1012 (6th Cir. 1999). In order for a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that his conduct violates that right." *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991). In other words, the unlawfulness of the official's conduct must be apparent in light of pre-existing law. *Id.* Further, the defendants must have had "fair warning" that their conduct deprived the plaintiff of a constitutional right; otherwise, they are entitled to qualified immunity. *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.E.2d 666 (2002). While it is the plaintiff who must show that the defendants are not entitled to qualified immunity, the defendants must come forward with facts showing that they were acting within their discretionary authority. *Rich v. City of Mayfield Hts.,* 955 F.2d 1092, 1095 (6th Cir. 1992), citing *Wegener*, 933 F.2d at 392.

The undersigned recommends that the Court find that Plaintiff has sufficiently shown that the law was clearly established at the time of the incidents that Plaintiff alleges occurred with Defendants Place and Stech. Plaintiff cites *Thaddeus-X* as support for his assertion that the law at the time indicated that it was unlawful to keep a prisoner from exercising his right to access the courts, or to punish him for exercising that right. ECF Dkt. #66 at 4. In *Thaddeus-X,* the Sixth Circuit cited United States Supreme Court and its own precedent in finding that inmates have a "well-established constitutional right to access the courts, based in part on the First Amendment". 175 F.3d at 391, citing *e.g.*, *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith,* 430 U.S. 817, 821-24, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Wolff v. McDonell,*

13

418 U.S. 539, 577-80, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1984); *Johnson v. Avery*, 393 U.S. 483, 488-90, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Ex parte Hull*, 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034 (1941); *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1998); and *John L. v. Adams*, 969 F.2d 228, 231-32 (6th Cir. 1992). The Sixth Circuit held that prisoners have a constitutional right of access to the courts that extends to direct appeals, habeas corpus applications and civil rights claim. *Id*. Since the law against retaliation against inmates for exercising their right to access to the courts was clearly established at the time of the incidents alleged by Plaintiff, the undersigned recommends that the Court find that Plaintiff has met his burden of establishing this qualified immunity element.

The undersigned also recommends that the Court find that Plaintiff has satisfied the elements of a retaliation claim by showing that the actions allegedly taken against him by Defendants Place and Stech were adverse actions. The term "adverse action" is taken from employment caselaw and applied to a prison context, an adverse action is described as one that "would deter a person of ordinary firmness" from exercising their rights. *Thaddeus-X*, 175 F.3d at 396-397, citing *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Establishing a causal connection between the protected conduct and the adverse action is one that Plaintiff must meet in order to complete his affirmative case. *Thaddeus-X*, 175 F.3d at 399. A plaintiff must show that his protected conduct was a motivating factor behind the adverse action. *Id*. After doing so, the burden shifts to the defendants to show that they would have taken the same action in absence of the protected activity. *Id*.

Here, Plaintiff asserts that Defendants Place and Stech destroyed his legal materials and failed to mail other materials to the Federal Detention Center in Milan, Michigan where he was going to be housed, which resulted in dismissal of five of his own lawsuits and appeals. ECF Dkt. #66 at 4. The Sixth Circuit has found that a showing that prison officials have confiscated or destroyed a prisoner's legal papers and other property sufficiently raises a jury question as to whether such actions constituted adverse actions for purposes of a First Amendment retaliation

claim.  *Bell v. Johnson*, 308 f.3d 594 (6th cir. 2002).  Plaintiff cites to the cases of his that were dismissed and he alleges sufficient facts that connect Defendants Place and Stech to the confiscation and/or destruction of his legal materials.  Such actions would "deter a person of ordinary firmness" from exercising his right to access the courts and evidently did deter Plaintiff since his cases were dismissed.  Accordingly, the Court should find that Plaintiff has met this element of qualified immunity.

The last element of retaliation requires Plaintiff to show that a causal connection exists between his protected conduct and the alleged adverse actions of Defendants Place and Stech. Plaintiff asserts that on June 30, 2004, Defendant Stech told Plaintiff to sue him after he threw Plaintiff's legal and personal materials in the trash.  ECF Dkt. #1-2 at 6.  He further averred that Defendants Place and Stech made statements that they did not like jailhouse lawyers and told him that they would destroy his legal and personal property every chance that they could.  *Id.*  He alleges that Defendant Place threw approximately $100.00 of commissary items into the trash on February 4, 2005 and Defendants Place and Stech placed all of his active legal files and research materials in a closet and deliberately failed to mail these materials to him as promised once he arrived at FDC-Milan, which resulted in the dismissal of several of his own cases.  *Id.*  Viewing these facts in a light most favorable to Plaintiff, his allegations are sufficient to show a causal connection between Plaintiff's exercise of his First Amendment right to access the courts and the destruction and/or confiscation of his legal materials by Defendants Place and Stech.  *See See v. City of Elyria*, 502 F.3d  at 491 (in ruling upon a motion for summary judgment on the issue of qualified immunity in a retaliation case, the district court and the Sixth Circuit looked to the *allegations* in the complaint to determine whether a constitutional violation has occurred) (emphasis added).

Plaintiff also avers that Defendants Place and Stech placed a memo on the front of his file when transporting him which indicated that he was a jailhouse lawyer who sued prison officials and he had stabbed a prison guard.  ECF Dkt. #102 at 5; ECF Dkt. #66 at 4.  Plaintiff asserts that this memo caused him to be treated harshly by others in the prisons, and he was even assaulted which required 42 stitches in his head and mouth.  *Id*.  Viewing these allegations in a light favorable to Plaintiff, coupled with his other averments in his claims against Defendants Place and Stech that the "U.S. Marshals had control over all of Mr. Perotti's movements and property"  and "provided the memo...to his jailers...", the undersigned finds that Plaintiff has sufficiently established a causal nexus between his protected conduct of access to the courts for his own claims and Defendants Place and Stech's placing of the memo on his file.

Once a plaintiff meets his burden of showing that his protected conduct was a motivating factor in any harm, the burden shifts to the defendant.  *Thaddeus-X*, 175 F.3d at 399.  If the defendant can show that the same action would have been taken in the absence of the protected conduct, then the defendant is entitled to summary judgment.  *Id.*  Here, Defendants Place and Stech fail to establish that this memo would have been provided to jailers and others in any case, regardless of Plaintiff exercising his First Amendment rights.  In fact, Defendants Place and Stech fail to address this issue at all.

For these reasons, the undersigned recommends that the Court find that Plaintiff has provided a sufficient showing in order to meet the elements of retaliation and to overcome the defense of qualified immunity on his *Bivens* claims.  Accordingly, the undersigned recommends that the Court DENY Defendants Place and Stech's motion for summary judgment as to Plaintiff's retaliation claims based upon the exercise of his own legal rights and access to the courts in a *Bivens* context. The undersigned further recommends that the Court GRANT summary judgment in favor of

Defendants Place and Stech as to Plaintiff's *Bivens* claims of retaliation for his exercise of First Amendment rights on behalf of other prison inmates.

**D**.    **FTCA CLAIMS**

Defendant USA also moves for summary judgment on Plaintiff's FTCA claims, first asserting that it is the proper party in this claim and not Defendants Place and Stech.  ECF Dkt. #60-2 at 8, 12.  Plaintiff counters that Defendants Place and Stech are proper Defendants because he can properly sue these Defendants as individuals in a *Bivens* retaliation claim. ECF Dkt. #66 at 2.

The undersigned recommends that the Court find that Defendant USA is the only proper Defendant in Plaintiff's instant FTCA claim.  Plaintiff's *Bivens* claim has already been addressed in this Report and Recommendation, which dealt with Defendants Place and Stech in their individual capacities.  Further, the FTCA provides that,

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1)**.**  Defendant USA filed its notice of substitution with the proper certification on November 23, 2005.  ECF Dkt. #3.  Accordingly, the undersigned recommends that the Court find that the only proper party to Plaintiff's instant FTCA claim is Defendant USA.

In its motion, Defendant USA asserts that this Court lacks subject matter jurisdiction over Plaintiff's tort claims because he has failed to exhaust his administrative remedies as required by 28 U.S.C. § 2675(a).  ECF Dkt. #60-2 at 11.  Defendant USA asserts that one of the primary conditions placed upon the United States in shedding the cloak of sovereign immunity and consenting to be sued under the FTCA is the requirement that the claimant first exhaust

17

administrative remedies to the appropriate federal agency and receive a final denial by that agency before filing suit. *Id.* at 12.

"The United States, as a sovereign, is immune from suit save except as it consents to be sued... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941))(citations omitted). The United States has waived its sovereign immunity in tort action lawsuits under the FTCA. 28 U.S.C. §§ 2671, et seq.

Under the FTCA, a plaintiff cannot bring a lawsuit against the United States "unless the claimant shall have first presented the claim to the appropriate agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The Sixth Circuit Court of Appeals has held that exhaustion of administrative remedies is a prerequisite to suit under the FTCA. *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002). In order to determine whether a plaintiff has filed an administrative claim in accordance with § 2675(a), "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a).

Defendant USA raises the lack of exhaustion issue and identifies the procedure for a prisoner to file an administrative claim against it under the FTCA. Defendant USA cites the FTCA statute which provides that "the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have finally been denied by the agency in writing and sent by certified

18

or registered mail." ECF Dkt. #60-2 at 12, quoting 28 U.S.C. § 2675(a). Defendant USA further asserts that in order to fulfill his requirement of exhaustion with the agency, Plaintiff must have (1) given written notice of the claim sufficient to enable the agency to investigate the claim; and (2) placed a value or sum certain on the claim. ECF Dkt. #60-2 at 13, citing 28 C.F.R. § 14.2 and *Glarner v. United States Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). Defendant USA contends that Plaintiff has not exhausted his FTCA claim because he has failed to properly file an administrative claim. ECF Dkt. #60-2 at 13. It cites to its attached Declaration of Gerald Auerbach, General Counsel for the United States Marshals Service, in which Attorney Auerbach declares that he is responsible for overseeing administrative tort claims received by the United States Marshals Office. *Id.*, citing ECF Dkt. #60-3. Attorney Auerbach further declares that on June 5, 2008, the FTCA claim records were searched in order to determine whether Plaintiff presented a claim to the Marshals Service arising out of the incidents outlined in his complaint. *Id.* Attorney Auerbach attests that a review of the FTCA claim records revealed no FTCA claims by Plaintiff relating to the incidents Plaintiff describes in his complaint relating to the United States Marshals Service. *Id.*

Defendant USA is correct that in order to exhaust his administrative remedies under the FTCA, Plaintiff must give sufficient written notice of the claim so that the agency can investigate the claim and he must also place a value on the claim. 28 C.F.R. § 14.2. Further, Defendant USA provides support for its assertion of failure to exhaust by relying upon Attorney Auerbach's representations that his office receives all FTCA administrative claims and the office did not receive such a claim from Plaintiff with regard to the incidents that he described in his complaint. ECF Dkt. #s 60-2 and 60-3.

19

Thus, the burden shifts to Plaintiff to show that he did in fact properly exhaust his administrative remedies with regard to his FTCA claims against Defendant USA.  In support, Plaintiff asserts that there are no remedies to exhaust for a pre-trial detainee who sues an Assistant United States Marshal.  ECF Dkt. #66 at 3.  Plaintiff states that nevertheless, he did write the supervisor of Defendants Place and Stech, he filed a FTCA Standard Form 95 with the supervisor and the United States Attorney at the Cincinnati Civil Rights Office, and he notified the judge in his criminal case.  *Id.*  He cites to Exhibits A-G for a showing of his efforts to exhaust.  *Id.*

The undersigned recommends that the Court find that Plaintiff has failed to show that he has exhausted his administrative remedies with regard to his FTCA claims.  Plaintiff contends that no procedure exists within which he must exhaust his administrative remedies because he was a pretrial detainee.  ECF Dkt. #66 at 2-3.  However, numerous cases have interpreted 28 U.S.C. § 2675(a) as the standard of presentment and denial for exhaustion under the FTCA for pretrial detainees as well as prisoners; that is, the pretrial detainee must show that he gave written notice of the claim to the proper agency which was sufficient to enable the agency to investigate the claim and he must have placed a value or sum certain on the claim.  *See e.g., Rashad v. D.C. Central Detention Facility,* 570 F.Supp.2d 20, 24 (D.D.C. 2008)(quoting 28 U.S.C. § 2675(a) presentment of claim and denial by agency in writing as requirements to exhaust FTCA against United States by pretrial detainee who alleged that his legal and personal papers were lost while he was in transit between facilities); *Harris v. Mecum*, No. 1:04-CV-2004-CAP,  2006 WL 2094680, at *2 (N.D. Ga. 2006), unpublished (quoting 28 U.S.C. § 2675(a) presentment of claim and denial by the agency in writing as requirements to exhaust FTCA claim against United States by pretrial detainee on allegation that Deputy United States Marshal failed to properly buckle his seat belt and stopped transport van abruptly intending to injure him).  Thus, the general exhaustion procedures required by 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2 apply to pretrial detainees.

While asserting that no procedure exists for a pretrial detainee to exhaust administrative remedies under the FTCA, Plaintiff also contends that he wrote the supervisor of Defendants Place and Stech and filed a FTCA Form 95 with the supervisor.  ECF Dkt. #66 at 3.  Plaintiff cites to Exhibit G-5 attached to his original complaint as the tort claim form that he mailed to the United States Marshal's Service on July 13, 2005.  *Id*. at 5.  He also cites to Exhibits G3-G4 of his original complaint as his attempts to exhaust his FTCA claims with the United States Attorney at the Department of Justice, Civil Rights Division in Cincinnati, Ohio and the Marshal's supervisor.  *Id.* A review of the docket in the instant case shows no exhibits that accompanied Plaintiff's original complaint upon removal from the Mahoning County Court of Common Pleas to this Court.  ECF Dkt. #1.  However, copies of these Exhibits should have been attached upon removal and are contained in the Clerk's Office of the Mahoning County Court of Common Pleas in Plaintiff's state case.  *See* 28 U.S.C. § 1446(a).  A review of the file contained a packet of documents from an undeliverable service of summons by that Clerk's Office at Plaintiff's request for service on Defendant Stech.  Along with the undeliverable service of summons and original complaint, is Exhibit G-3, a letter addressed to "U.S. Attorney, Department of Justice - Civil Rights Dept, 100 East Fifth, Cincinnati, Ohio 45221."  Exhibit G-4 is a letter to the United States Marshal's Service at "801 West Superior, Cleveland, Ohio 44113" and it is addressed to "Administrative Supervisor."  Finally, Exhibit G-5 is a copy of the Standard Form 95 for a FTCA claim which is addressed to "U.S. Marshall[sic] Office, Dan Foche and Jason, 801 W. Superior, Cleveland, Ohio 44113."

The undersigned recommends that the Court find that the letters Plaintiff wrote to the United States Attorney's Office in Cincinnati and to the "Administrative Supervisor" for the United States Marshal's Office in Cleveland, Ohio do not constitute proper presentment for the purposes of administrative exhaustion as required by the FTCA.  The undersigned notes that the parties dispute

whether the United States Attorney's Office in Cincinnati was required to transfer Plaintiff's letter under 28 C.F.R. § 14.2(b)(1), which states that a claim shall be presented to the Federal agency whose activities gave rise to the claim and requires that an agency transfer the claim to the appropriate agency if the claim is presented to any other Federal agency.  28 C.F.R. § 14.2(b)(1). This issue need not be determined, since both the letter to the Cincinnati United States Attorney's Office and the letter to the "Administrative Supervisor" for the United States Marshal's Office in Cleveland, Ohio do not fully comply with 28 C.F.R. § 14.2(a).

28 C.F.R. § 14.2(a) deems a FTCA claim presented to a federal agency when the agency receives from the claimant an executed Standard Form 95 "or other written notification of an incident *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury or death alleged to have occurred by reason of the incident."  28 C.F.R. § 14.2(a)(emphasis added).  Neither of the letters submitted by Plaintiff are accompanied by a claim for money damages.  Accordingly, Plaintiff has not properly presented these documents in order to comply with the FTCA exhaustion requirement.

This leaves Exhibit G-5, the Standard Form 95 Claim for Damage, Injury, or Death that Plaintiff addressed to the United States Marshal's Office in Cleveland, Ohio.  This Form, which does specify an amount, meets the written notice and sum certain requirements of 28 C.F.R. § 14.2(a).  However, a claim is not determined to be presented "unless the federal agency actually receives notice of it.  28 C.F.R. § 14.2(a).  Thus, if a claimant mails a notice and it is not received by the agency there is no presentment."  *Scott v. Johnson*, No. 07-11560, 2007 WL 4219383, at *2 (E.D. Mich. 2007), unpublished, citing *Bailey v. United States*, 642 F.2d 344, 346-347 (9th Cir. 1981) and *Crack v. United States*, 694 F.Supp. 1244 (E.D.Va. 1988).

Here, Defendant USA refers to the attached declaration of Attorney Auerbach, General Counsel for the United States Marshals Service, who states that his office is the custodian of records regarding administrative claims presented to the United States Marshals Office under the FTCA. ECF Dkt. #60-3. Attorney Auerbach declared that a search was conducted in the office for claims presented to the Marshals Office by Plaintiff arising out of the incidents that he described in his complaint, and no FTCA claims were found. *Id.*

Plaintiff presents no evidence to counter Attorney Auerbach's representation of the Marshal Service's lack of receipt of Plaintiff's Form 95. Nor does Plaintiff offer evidence to raise a genuine issue of material fact of receipt by the United States Marshal's Office of his Form 95. He presents no evidence of mailing the Standard Form, such as a photocopy of a properly addressed envelope or the return receipt from registered mail. Further, there is no such documentation accompanying Plaintiff's Standard Form 95 in his Mahoning County Common Pleas file in order to show mailing.

Since Plaintiff fails to meet his burden of raising a genuine issue of material fact as to receipt of his Standard Form 95 by the United States Marshal's Office, the undersigned recommends that the Court find that he has failed to exhaust his administrative remedies and GRANT Defendant USA summary judgment on Plaintiff's FTCA claims.

E.      PLAINTIFF'S MOTION TO STAY PROCEEDINGS UNTIL DISCOVERY IS HAD (ECF DKT. #81)

On September 5, 2008, Plaintiff filed the instant motion, requesting that the Court "stay all proceedings until discovery can be had to oppose" Defendants' motion for summary judgment. ECF Dkt. #81. Plaintiff cites Rule 56(f) of the Federal Rules of Civil Procedure and asserts that he should be afforded an opportunity to conduct discovery. *Id.* at 2.

The undersigned DENIES Plaintiff's motion to stay proceedings insofar as he contends that

he has filed this motion against Defendants Place, Stech and USA. ECF Dkt. #81. Plaintiff makes no mention whatsoever of these Defendants in this motion and discusses his need for a stay only as against Defendant CCA. However, in his Affidavit in Support of his Motion to Stay Proceedings until Discovery is had and Memo Contra to Federal Defendants[sic] Motion to Stay Discovery", Plaintiff mentions that "CCA filed a Motion for Summary Judgment, as has the US Federal Defendants (a motion to dismiss has just been converted too[sic] a Motion for Summary Judgment)." ECF Dkt. #93. While he impliedly refers to Defendants Place, Stech and USA when he mentions the "US Federal Defendants" whose motion to dismiss has been converted to a motion for summary judgment, Plaintiff mentions nothing more about why he needs a stay of a ruling on the converted motion for summary judgment. Accordingly, should the Court decide to adopt the undersigned's instant Report and Recommendation, the undersigned DENIES Plaintiff's motion to stay proceedings against Defendants Place, Stech and USA until discovery is had. ECF Dkt. #81.

Plaintiff's motion to stay proceedings against Defendant CCA will be decided by way of a separate Order to follow.

F.      FEDERAL DEFENDANTS' MOTION TO STAY DISCOVERY (ECF DKT. #85)

Defendants Place, Stech and USA have also filed a motion to stay discovery, requesting that this Court stay discovery against them pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. ECF Dkt. #85. These Defendants assert that discovery should be stayed based upon their qualified immunity. *Id*. Should the Court adopt the undersigned's recommendation that Defendants Place and Stech are entitled to qualified immunity as to Plaintiff's claims of retaliation for being a jailhouse lawyer representing others and that they are not entitled to qualified immunity for the claims of retaliation against Plaintiff for representing his own legal claims, the undersigned DENIES AS MOOT the motion to stay discovery. *Id*. Upon determination by the District Court,

24

the issue of qualified immunity is resolved and therefore no need to stay discovery is necessary.

G.      RECOMMENDATIONS AND CONCLUSIONS

For the above reasons, the undersigned recommends that the Court:

1.      GRANT Defendants Place and Stech summary judgment on Plaintiff's §1983, ADA and FRA claims;

2.      GRANT Defendant USA summary judgment on Plaintiff's § 1983, ADA and FRA claims;

3.      GRANT Defendants Place and Stech summary judgment as to Plaintiff's *Bivens* claims of retaliation for the exercise of his First Amendment rights on behalf of other prison inmates in pursuing their legal claims and access to the courts;

4.      DENY Defendants Place and Stech summary judgment as to Plaintiff's *Bivens* claims of retaliation for his exercise of First Amendment rights on behalf of the pursuit of his own legal claims and his access to the courts; and

5.      GRANT Defendant USA summary judgment on Plaintiff's FTCA claims.

Dated: December 4, 2008                         */s/George J. Limbert*

GEORGE J. LIMBERT

UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).