UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN W. PEROTTI,** | ) | CASE NO. 4:05CV2739 |
| | ) | |
| **PLAINTIFF ,** | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| **V.** | ) | |
| | ) | |
| **JASON MEDLIN,** *et al.***,** | ) | |
| | ) | ORDER |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

This matter is before the Court upon the Motion to Dismiss filed by Defendants Jason Place ("Place"), Dan Stech ("Stech"), and United States of America ("United States") (collectively, "Defendants").  (Dkt. # 60).

On March 25, 2008, this Court issued an order assigning this case to Magistrate Judge George J. Limbert for general pre-trial supervision, including all motions.  (Dkt. # 56).  On December 4, 2008, the Magistrate Judge issued an Interim Report and Recommendation ("R&R") that the Court convert the instant Motion to a Motion for Summary Judgment[1] and GRANT in part and DENY in part Defendants' Motion. (Dkt. # 60).  Plaintiff and Defendants have timely filed objections to the Magistrate's R&R. (Dkt. # 111, 121).

---

[1] According to the Magistrate Judge's R&R, the parties have agreed to the conversion of the instant Motion to Dismiss to a Motion for Summary Judgment.  (Dkt. # 105 at 4).

1

### *Defendants' Objections to the Magistrate Judge's R&R*

Defendants Stech and Place object to the Magistrate Judge's recommendation that the Court deny the instant Motion with respect to Plaintiff's Bivens claims of retaliation by Defendants Place and Stech for Plaintiff's exercise of First Amendment rights in pursuing his own legal claims and access to the courts. Defendants Place and Stech argue that Plaintiff has failed to exhaust his administrative remedies on the claim, and that Plaintiff has not alleged sufficient facts to defeat Defendants' assertion of qualified immunity. The Court has reviewed the objections of Defendants Place and Stech and finds that they are without merit.

As Defendants Place and Stech impliedly recognize in filing their Second Motion for Summary Judgment, they have failed to demonstrate that Plaintiff failed to exhaust administrative remedies with respect to his Bivens claim. They have not identified the administrative claim procedure that was available to Plaintiff, nor have they addressed Plaintiff's allegation that no such procedure exists. Moreover, the declaration of Gerald Auerbach is insufficient to satisfy Defendants' burden of showing that Plaintiff failed to exhaust administrative remedies with respect to the Bivens claim. Auerbach's declaration pertains only to the filing of FTCA claims with the U.S. Marshals Service, and is not demonstrative as to Plaintiff's failure to exhaust his Bivens claim.

Similarly, Defendants Stech and Place have failed to demonstrate that they are entitled to qualified immunity with respect to Plaintiff's Bivens claims of retaliation by Defendants Place and Stech for Plaintiff's exercise of First Amendment rights in pursuing his own legal claims and access to the courts. The Supreme Court has developed a two-

part test to determine whether a defendant is entitled to qualified immunity.  Saucier v. Katz, 533 U.S. 194, 201 (2001).[1]  First, a court must decide whether, taken in the light most favorable to the plaintiff, the facts alleged show that the defendant violated a constitutional right.  Id.  If a violation is shown, the court must then determine whether the particular right was clearly established, such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Id. at 202.

In the instant case, Plaintiff has alleged that Defendants Place and Stech destroyed materials related to several of Plaintiff's lawsuits because he was pursuing his own legal claims.  Such allegations are sufficient, taken in the light most favorable to Plaintiff, to establish that a constitutional violation has occurred – namely, retaliation for the exercise of Plaintiff's First Amendment rights.

The next step in the Katz inquiry is to determine whether the right of access to the courts was clearly established such that a reasonable officer in Defendants' position would understand that his conduct was unlawful.  Id.  The First Amendment right of access to the courts has been recognized repeatedly by the Supreme Court.  See California Motor Transport Co., 404 U.S. 508, 510 (1972); see also Bill Johnson's Restaurants, Inc., v. N.L.R.B., 461 U.S. 731, 742 (1972).  Moreover, the Sixth Circuit has

---

[1] The Court acknowledges that the Sixth Circuit occasionally performs a three-step inquiry in the qualified immunity analysis.  See Estate of Carter v. City of Detroit, 408 F.3d 305, 310-311 (6th Cir. 2005).  The Sixth Circuit has pointed out that a two-step analysis is sufficient if the case at issue "is one of the many cases where, if the right is clearly established, the conduct at issue would also be objectively unreasonable."  In such cases, the Sixth Circuit has "collapse[d] the second and third prongs" in an effort to "avoid duplicative analysis."  Because the constitutional right of access to the courts has long been clearly established law, the Court finds the two-step inquiry appropriate in the instant action.  See California Motor Transport Co., 404 U.S. 508, 510 (1972).

specifically held that a prisoner's right of access to the courts may be violated by the destruction or confiscation of legal materials and other property by prison officials. Bell v. Johnson, 308 F.3d 594, 604-05 (6th Cir. 2002). Accordingly, the Court finds that Plaintiff's right of access to the courts was clearly established, such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Katz, 533 U.S. at 202. Defendant's Place and Stech are thus not entitled to qualified immunity with respect to Plaintiff's Bivens claims of retaliation by Defendants Place and Stech for Plaintiff's exercise of First Amendment rights in pursuing his own legal claims and access to the courts.

For the foregoing reasons, the Court finds that the objections of Defendants Place and Stech to the Magistrate Judge's report and recommendation are without merit.

### *Plaintiff's Objections to the Magistrate Judge's R&R*

Plaintiff objects to the Magistrate Judge's recommendation that the Court grant the instant Motion with respect to all claims except Plaintiff's Bivens claim of retaliation by Defendants Place and Stech for Plaintiff's exercise of First Amendment rights in pursuing his own legal claims and access to the courts. Plaintiff, however, raises no specific objections to any finding by the Magistrate Judge. Rather, he recounts selected facts alleged in his Complaint, and restates in short form the arguments he offered in his opposition to the instant Motion. (Dkt. # 121).

The only portion of Plaintiff's objections that relate to the Magistrate Judge's recommendation is his assertion that his Bivens claim of retaliation by Defendants Place and Stech for Plaintiff's exercise of First Amendment rights in pursuing the legal claims

4

of others should not be dismissed. (Dkt. # 121 at 3-4). Plaintiff argues that because the Complaint lists several examples of cases in which Plaintiff assisted fellow prisoners, the claim should survive the instant Motion for Summary Judgment. As the Magistrate Judge noted, this assertion is insufficient to demonstrate that his assistance was necessary in order to ensure that other inmates were afforded their First Amendment rights of access to the courts. Thaddeus-X v. Blatter, 175 F.3d 378, 395 (6th Cir. 1999). Accordingly, Plaintiff has not show a genuine issue of material fact with respect to his Bivens claim of retaliation for the exercise of First Amendment rights in pursuing the legal claims of other inmates.

Therefore, the Court finds that Plaintiff's objections to the Magistrate Judge's report and recommendation are without merit.

The Court has reviewed the interim report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported.

Therefore, Magistrate Judge Limbert's report and recommendation is hereby **ADOPTED**. (Dkt. # 105). The Court hereby **DENIES** summary judgment to Defendants Place and Stech with respect to Plaintiff's Bivens claim of retaliation for the exercise of his First Amendment rights of access to the courts in the pursuit of his own legal claims. The Court hereby **GRANTS** summary judgment to Defendants Place and Stech with respect to Plaintiff's Bivens claim of retaliation for the exercise of First Amendment rights in pursuing the legal claims of other inmates. The Court hereby **GRANTS** summary judgment to Defendants Place, Stech, and United States with respect to Plaintiff's claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act,

and the Federal Rehabilitation Act.  Finally, the Court hereby **GRANTS** summary judgment to Defendant United States with respect to Plaintiff's Federal Tort Claims Act claims.  (Dkt. # 60).

Furthermore, Plaintiff's "Motion to Strike Defendants Stech and Place's Objection to Report and Recommendation as Being Untimely" is hereby **DENIED**.  (Dkt. # 122).

**IT IS SO ORDERED**.

<u>**/s/ Peter C. Economus – February 12, 2009**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**