**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN W. PEROTTI,** | ) | **CASE NO. 4:05CV2739** |
| | ) | |
| **PLAINTIFF ,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **JASON MEDLIN,** *et al.***,** | ) | |
| | ) | **ORDER** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

This matter is before the Court upon the Motion to Dismiss filed by Defendants Jason Medlin, Robert Tapia, Yohmarie Cajigas, M.D., Corrections Corporation of America ("CCA"), and Bill Andrade, M.D. (collectively, "CCA Defendants").  (Dkt. # 71).

On March 25, 2008, this Court issued an order assigning this case to Magistrate Judge George J. Limbert for general pre-trial supervision, including all motions.  (Dkt. # 56).  On December 16, 2008, the Magistrate Judge issued an Interim Report and Recommendation ("R&R") that the Court GRANT CCA Defendants' Motion.  (Dkt. # 109).  Plaintiff timely filed objections to the Magistrate's R&R, and CCA Defendants filed a Response.  (Dkt. # 117, 126).

1

***Plaintiff's Objections to the Magistrate Judge's R&R***

Plaintiff first objects to the Court's proceeding to a determination on the merits of the instant Motion to Dismiss without first allowing Plaintiff an opportunity for discovery. Plaintiff asserts that, with respect to his claims under the Americans With Disabilities Act ("ADA") and Rehabilitation Act ("RA"), discovery "would have pinned down exactly what federal funding defendants are receiving for holding federal prisoners." (Dkt. # 117 at 2). Accordingly, Plaintiff argues that the Court should decline to adopt the Magistrate Judge's R&R and allow Plaintiff to oppose the instant Motion after allowing such discovery.

Plaintiff's objection is without merit. In the absence of a cognizable claim, Plaintiff has no right to further discovery. Mitchell v. McNeil, 487 F.3d 374, 379 (6th Cir. 2007). That is, if Plaintiff has failed to state a claim on the face of his Complaint, discovery will not save the claim and the Court need not stay a ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Id.

Plaintiff next objects to the Magistrate Judge's finding that the Complaint fails to state a claim under the ADA or RA because Plaintiff has not alleged that he had a disability as defined by either statute. In his objection, Plaintiff recites a detailed medical history, which the Magistrate Judge discussed in analyzing Plaintiff's claim for purposes of the instant Motion.

The ADA defines a "disability" as follows:

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

2

> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(1). The ADA further states:

> [M]ajor life activities include, but are not limited to caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

42 U.S.C. at § 12102(2). The Sixth Circuit has noted:

> An impairment will be found to substantially limit a major life activity if the individual is "[u]nable to perform a major life activity that the average person in the general population can perform" or if the individual is "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity."

Talley v. Family Dollar Stores of Ohio, Inc., 542 F.3d 1099, 1107 (6th Cir. 2008) (quoting 29 C.F.R. § 1630.2(j)(1)). For purposes of Plaintiff's claim, the RA defines an "individual with a disability" as any person who has a disability as defined in 42 U.S.C. § 12102. 29 U.S.C. § 705(20)(B). Plaintiff, in his objections, argues that his allegations are sufficient to satisfy each of the three alternative definitions of a disability under § 12102(1)(A-C). (Dkt. # 117 at 4-6).

The Court finds that Plaintiff has failed to allege that he has any disability that brings him within the purview of the ADA or RA. Specifically, Plaintiff does not identify any disability which substantially limits a major life activity, as those terms are defined by the relevant statutes. The medical problems upon which Plaintiff relies are not the type of limiting impairments addressed by the ADA or the RA. Accordingly,

3

Plaintiff's objection is without merit as to the Magistrate Judge's finding that he has failed to state a claim under the ADA or the RA.

Plaintiff next objects to the Magistrate Judge's findings with respect to Pliantiff's state law medical malpractice claims against Defendants Cajigas, Andrade, and CCA. Specifically, Plaintiff argues that the application of Rule 10(D)(2)(a) of the Ohio Rules of Civil Procedure unconstitutionally denies a prisoner access to the courts by requiring an affidavit of merit from an expert witness for a medical claim. (Dkt. # 117 at 6-7). Plaintiff does not object to the Magistrate Judge's determination that Rule 10(D)(2)(a) is substantive law that must be applied under the Erie doctrine, and the Court finds that such determination is well-founded.

Plaintiff's objection regarding the application of Rule 10 (D)(2)(a) is primarily based upon Plaintiff's argument that "[n]o court has required any affidavit by a physician to set forth constitutional claims." (Dkt. # 117 at 6). This argument confuses Plaintiff's state law medical malpractice claims with his claims for deliberate indifference to serious medical needs under the Eighth Amendment. The latter, indeed, require no affidavit of merit, and Defendants Cajigas, Andrade, and CCA concede in their response to Plaintiff's objections that Plaintiff has sufficiently pled his Eight Amendment claims so as to survive a motion to dismiss. (Dkt. # 126 at 9). The fact remains, however, that Plaintiff has failed to comply with Rule 10 (D)(2)(a) in pleading his state law medical claims. Accordingly, the Magistrate Judge correctly determined that those claims should be dismissed without prejudice. Plaintiff's objection to the Magistrate Judge's findings are without merit.

**CONCLUSION**

The Court has reviewed the interim report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported.

For the foregoing reasons, the Magistrate Judge's Interim Report and Recommendation (Dkt. # 109) is hereby **ADOPTED**.  CCA Defendants' Motion to Dismiss is hereby **GRANTED**.  (Dkt. # 71).  Plaintiff's ADA and RA claims against Defendants Medlin, Tapia, Cajigas, and Andrade in their individual capacities (Count V) are **DISMISSED** with prejudice.  Plaintiff's ADA and RA claims against Defendants Medlin, Tapia, Cajigas, and Andrade in their official capacities (Count V) are **DISMISSED** with prejudice.  Finally, Plaintiff's state law medical malpractice claims against Defendants Cajigas, Andrade, and CCA (Count V) are **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

>  **/s/ Peter C. Economus – March 16, 2009**
>  **PETER C. ECONOMUS**
>  **UNITED STATES DISTRICT JUDGE**