UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN W. PEROTTI,** | ) | **CASE NO.  4:05CV2739** |
| | ) | |
| **PLAINTIFF ,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **JASON MEDLIN,** *et al.***,** | ) | |
| | ) | **ORDER** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

This matter is before the Court upon the Motion for Summary Judgment filed by Defendants Jason Medlin, Robert Tapia, Yohmarie Cajigas, M.D., Corrections Corporation of America ("CCA"), and Bill Andrade, M.D. (collectively, "CCA Defendants"). (Dkt. # 77).

On March 25, 2008, this Court issued an order assigning this case to Magistrate Judge George J. Limbert for general pre-trial supervision, including all motions. (Dkt. # 56).  On January 7, 2009, the Magistrate Judge issued an Interim Report and Recommendation ("R&R") that the Court GRANT CCA Defendants' Motion. (Dkt. # 115).  Plaintiff timely filed objections to the Magistrate's R&R, and CCA Defendants filed a Response. (Dkt. # 127, 130).

*Plaintiff's Objection to the Magistrate Judge's Denial of a Stay of Proceedings.*

Plaintiff first objects to the Magistrate Judge's denial of his Motion to Stay Proceedings pursuant to Rule 56(f).  (Dkt. # 81).  The Court notes that the Magistrate Judge properly did not make a recommendation to the Court regarding the Motion to Stay

1

Proceedings. Instead, the Magistrate Judge ruled directly on the merits of the Motion, and denied Plaintiff's request. (Dkt. # 115 at 6-10). Accordingly, the Court will treat Plaintiff's objection as an appeal of the Magistrate Judge's Order denying Plaintiff's Motion to Stay Proceedings.

A district court reviewing a non-dispositive order of a Magistrate Judge to whom a matter is referred "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). In denying the Motion, the Magistrate Judge found that Plaintiff had failed to show how delaying a ruling on the CCA Defendants' Motion for Summary Judgment until after further discovery has been had would allow Plaintiff to oppose the Motion. The Magistrate Judge further noted that Plaintiff already received some discovery prior to removal of the instant matter, including the discovery sought by Plaintiff's Rule 56(f) Motion, and that Defendant CCA has represented that it does not possess any further material relevant to Plaintiff's discovery requests. Finally, the Magistrate Judge concluded that Plaintiff's assertion that further discovery would lead to more evidence "supporting further lies on defendants' parts," was insufficient to support a Rule 56(f) motion to stay proceedings.

The Court has reviewed the Magistrate Judge's Order denying Plaintiff's Rule 56(f) motion, and finds that it is neither clearly erroneous nor contrary to law. Therefore, the Magistrate Judge's Order (Dkt. # 81) is AFFIRMED.

### *Plaintiff's Objections to the Magistrate Judge's R&R*

Plaintiff objects to the Magistrate Judge's finding that he has failed to exhaust administrative remedies with respect to his claims against the CCA Defendants.

Specifically, Plaintiff first asserts that he "complied with the only administrative avenue available" in presenting his claims for administrative review. Plaintiff states that he submitted his grievances by placing them in the grievance box, and that he "then sought outside intervention from the [Correctional Institution Inspection Committee] and Burea [sic] of Adult Detention." (Dkt. # 127 at 6). He further asserts that the grievances were never returned to him, precluding any opportunity to appeal adverse decisions on the grievances.

  Defendants argue that Plaintiff failed to properly comply with the required procedures for filing administrative claims. They support their argument with the affidavit of Jillian Shane, Executive Assistant and Facility Grievance Officer for the Northeast Ohio Correctional Center (NEOCC) operated by Defendant CCA in Youngstown, Ohio. (Dkt. # 77, Ex. 1). Ms. Shane explains in detail the procedure to be followed by an inmate in U.S. Marshals' custody when filing a formal grievance at NEOCC. She further addresses each of Plaintiff's attempted grievance filings and explains why each fails to meet the requirements of the formal grievance procedure. (Dkt. # 77, Ex. 1). Plaintiff offers no evidence to rebut Ms. Shane's affidavit aside from his own assertions that he made his best efforts to submit grievances. Plaintiff does not explain, however, why he could not submit his grievances properly according to the NEOCC grievance procedure. Instead, he asserts that he "submitted his grievances in a timely manner by submitting them in the grievance box." (Dkt. # 127 at 6). As the Court has noted, Defendants offer evidence in the form of Ms. Shane's affidavit as to the exact deficiencies of each of Plaintiff's submissions, which Plaintiff does not refute.

3

Though Plaintiff claims to have exhausted "the only administrative remedies available to him," (Dkt. # 127 at 7), the Supreme Court has made it clear that proper exhaustion according to agency guidelines is required.

> Administrative law creates an incentive for [parties who do not want to exhaust] to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).

Woodford v. Ngo, 548 U.S. 81, 90 (2006) (internal quotations omitted) (emphasis in original). Thus, Plaintiff's own determination that he exhausted administrative remedies by means other than those prescribed by NEOCC guidelines is insufficient.

Plaintiff's objection to the Magistrate Judge's finding that he failed to exhaust administrative remedies is without merit.

The remainder of Plaintiff's filing entitled "Plaintiff's Objection to the January 7, 2009 Interim Report and Recomendation [sic] of the Magistrate Judge Regarding ECF Dkt. #77 and Order Resolving ECF Dkt. #s 81, 96" are not objections to any findings of the Magistrate Judge. Rather, Plaintiff recites portions of his argument in opposition to the CCA Defendants' Motion for Summary Judgment. (Dkt. # 127 at 6-8). Specifically, Plaintiff describes a specific incident in which he claims that his transfer out of NEOCC left insufficient time for his grievances to be addressed and returned to him. According to Plaintiff, such allegations should excuse his failure to properly exhaust his administrative remedies. Plaintiff then argues that because the Court previously denied a Motion for Summary Judgement with respect to Plaintiff's Bivens retaliation claims

4

against Defendants Jason Place ("Place") and Dan Stech ("Stech"), the Court may not now find that Plaintiff has failed to exhaust his administrative remedies. That is, because the Court found a genuine issue of material fact as to whether Defendants Place and Stech retaliated against Plaintiff for exercising his First Amendment rights of access to the courts, the Court cannot hold Plaintiff responsible for failing to exhaust his administrative remedies.

The Court has reviewed Plaintiff's arguments and finds that they are without merit.

## **CONCLUSION**

The Court has reviewed the interim report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported.

For the foregoing reasons, the Magistrate Judge's Interim Report and Recommendation (Dkt. # 115) is hereby **ADOPTED**. CCA Defendants' Motion for Summary Judgment is hereby **GRANTED**. (Dkt. # 77). Plaintiff's claims against Defendants Medlin, Tapia, Cajigas, CCA, and Andrade are **DISMISSED** with prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

> **/s/ Peter C. Economus – April 2, 2009**
> **PETER C. ECONOMUS**
> **UNITED STATES DISTRICT JUDGE**