UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. PEROTTI, | ) | CASE NO. 4:05CV2739 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **ORDER AND REPORT AND** |
| | ) | **RECOMMENDATION OF** |
| | ) | **MAGISTRATE JUDGE** |
| Defendant. | ) | |
| | ) | |
| | ) | |

It has come to the undersigned's attention that Plaintiff John Perotti (Plaintiff) has failed to identify two John Doe Defendants in the above-captioned case and has failed to effectuate service of his complaint upon a third Defendant.  For the following reasons, **the undersigned recommends that the Court dismiss all of Plaintiff's claims against Defendants John Doe No. 1, John Doe No. 2 and J. Maroney if he fails to show good cause by June 19, 2009 for his failure to identify the two John Does and failure to further identify Defendant J. Maroney and serve all of these Defendants.**

On September 7, 2005 in the Mahoning County Court of Common Pleas, Plaintiff sued among others, Defendants John Doe No. 1, a physician's assistant, John Doe No. 2, a patrolman, and "L. Maury, Nurse" of Lakewood Hospital in Lakewood, Ohio.  ECF Dkt. #1-2.  The case was removed to this Court on November 23, 2005.  ECF Dkt. #1.

1

**I.    DEFENDANT JOHN DOE NUMBERS 1 AND 2**

The undersigned notes that the complaint in this case was filed nearly four years ago and as of this date, Plaintiff has not undertaken any steps to further identify Defendant John Doe Numbers 1 and 2.  The undersigned further notes that on December 3, 2008, Plaintiff voluntarily dismissed Dr. Tallam, a defendant in this case with whom Plaintiff had grouped Defendant John Doe Number 1 as Dr. Tallam's physician assistant.  ECF Dkt. #s 1-2, 104.  Further, Plaintiff grouped Defendant John Doe Number 2 with Defendants Fritsche, Favre, Sacco, Kaucheck, and Guzic, Lakewood Detectives, with whom he filed a stipulated motion to dismiss his case against them with prejudice on May 7, 2009.  ECF Dkt. #s 1-2, 145.  It is not clear from the docket whether Defendant John Doe Numbers 1 and 2 were included with these previous but now dismissed Defendants.  Accordingly, the undersigned notifies Plaintiff of the undersigned's recommendations to the Court should these Defendant John Does not be included with the previously dismissed Defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides that defendants must be served with a copy of the complaint within 120 days after the complaint is filed.  If service is not effectuated within that time period, Rule 4(m) provides that the court

> on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, Plaintiff has not specifically identified Defendants John Doe Numbers 1 and 2 and therefore service has not been effectuated on these unnamed Defendants.

In accordance with Rule 4(m), the instant Report and Recommendation shall serve as express notice of the possible dismissal of all of Plaintiff's claims against Defendants John Doe Numbers 1 and 2.  **The undersigned ORDERS that on or before June 19, 2009**, Plaintiff shall file a brief

with this Court supported by all evidence that he believes shows "good cause for his failure to identify and serve" the John Doe Defendants named in his September 7, 2005 complaint.

## II. **DEFENDANT J. MARONEY**

On March 13, 2006, Plaintiff filed a "Correction of Record for Defendant Maroney and Request for Service of Complaint and Summons." ECF Dkt. #33. In this filing, Plaintiff moved the Court to correct the record to reflect that Defendant Maury's name was actually "Defendant J. Maroney" and to serve the complaint and summons upon her in her proper name. *Id*. In his memorandum in support thereof, Plaintiff indicated that "service of summons and the complaint was never effectuated upon defendant Maroney, so that complaint and summons is still on file." *Id*. Plaintiff enclosed a new Marshal's Form and summons and moved the Court to have the United States Marshals serve Defendant Maroney-either by certified mail-return receipt by the Clerk of Courts of by the Marshal's Office. *Id*.

After discovering that the docket failed to show that any action was taken with regard to Plaintiff's correction of the record or to the effectuation of service upon Defendant Maroney, this Court ordered the United States Marshal's Office to serve Defendant Maroney with the complaint and summons in the file for this case and as outlined by Plaintiff in his correction to the record. ECF Dkt. #99. On October 28, 2008, the same date as this Court's order of service, paperwork was issued to the United States Marshal's Service with regard to serving Defendant Maroney.

On December 8, 2008, the docket of this case shows that the United States Marshal's Service was unable to locate Defendant Maroney at the address given to the Marshal's Service by Plaintiff. ECF Dkt. #106. On December 9, 2008, the Clerk's Office of this Court sent a letter to Plaintiff regarding the unsuccessful service upon Defendant Maroney. ECF Dkt. #107.

As of this date, Plaintiff has not provided any further information as to this Defendant's identify or address. In accordance with Rule 4(m), the instant Report and Recommendation shall serve as express notice of the possible dismissal of all of Plaintiff's claims against Defendants J. Maroney. **The undersigned ORDERS that on or before June 19, 2009**, Plaintiff shall file a brief with this Court supported by all evidence that he believes shows "good cause for his failure to identify and serve" Defendant J. Maroney who is described in his September 7, 2005 complaint.

### III.  SUMMARY

For the foregoing reasons, the undersigned recommends that the Court dismiss all of Plaintiff's claims against Defendants John Doe Number 1, John Doe Number 2, and J. Maroney should Plaintiff fail to show good cause as outlined in this Report and Recommendation.

Plaintiff is ordered to file a brief and any supporting evidence with this Court no later than June 19, 2009 showing good cause for his failure to identify Defendants John Doe Number 1 and John Doe Number 2 and to further identify J. Maroney and to serve all of these Defendants.


Dated: June 5, 2009                    */s/ George J. Limbert*
                                       GEORGE J. LIMBERT
                                       UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).