UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. PEROTTI, | ) | CASE NO. 4:05CV2739 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| JASON MEDLIN, et al., | ) | **INTERIM REPORT AND** |
| | ) | **RECOMMENDATION OF** |
| | ) | **MAGISTRATE JUDGE** |
| Defendants. | ) | |
| | ) | |

Before the undersigned is a second motion for summary judgment filed by Defendants Jason Place (Defendant Place) and Dan Stech (Defendant Stech). ECF Dkt. #112. For the following reasons, the undersigned recommends that the Court GRANT the motion and dismiss all claims against Defendants Place and Stech on the basis of qualified immunity. *Id.*

**A.      FACTS AND PROCEDURAL HISTORY**

On September 7, 2005, Plaintiff filed a complaint in the Mahoning County Court of Common Pleas against numerous individuals, including Jason Place and Dan Stech[1], Deputy United States Marshals. ECF Dkt. #1, Attachment 1. On November 23, 2005, Defendants Place and Stech removed Plaintiff's complaint to this Court and the United States of America (Defendant USA) filed

---

[1] Plaintiff identified Assistant United States Marshal Dan Stech as Dan Foche in this complaint, but corrected the surname in a subsequent pleading. ECF Dkt. #15.

1

a Notice of Substitution, substituting itself as the sole defendant in place of Defendants Place and Stech in their individual capacities with regard to any common law tort claims filed pursuant to 28 U.S.C. § 2679(d)(1). ECF Dkt. #3.

In the only count of the complaint identifying Defendants Place and Stech, Plaintiff sued them in their official and individual capacities for retaliation, alleging that they threw away his legal and personal property because he was labeled a "jailhouse lawyer," Defendant Stech threw away some of his legal and personal property on June 30, 2004, including a walking cane, and told him that he could sue if he did not like it. ECF Dkt. #1, Attachment 1 at 6. Plaintiff further avers that five of his legal cases were dismissed because Defendants Place and Stech put his legal files and research materials in a closet on the Marshals Office floor and never mailed the materials to him despite telling him that they would mail the materials within a week of his arrival at the Federal Detention Center. *Id.* Plaintiff further avers that Defendants Place and Stech told him that they did not like jailhouse lawyers and they would "trash" his personal property every chance that they could. *Id.* Plaintiff alleges that Defendants Stech and Place again threw away his personal and legal items on April 22, 2005 after bringing him to their Cleveland Office from Michigan's Federal Detention Center. *Id*. at 7.

On March 21, 2008, the Sixth Circuit Court of Appeals vacated the judgment of the Honorable Peter C. Economus who had affirmed the undersigned's Report and Recommendation dismissing Plaintiff's case in its entirety based upon his failure to exhaust administrative remedies as to his claims against Defendants Place and Stech. ECF Dkt. #55. While Plaintiff's appeal was pending before the Sixth Circuit, the United States Supreme Court issued *Jones v. Bock*, in which it overturned three specific rules imposed by the Sixth Circuit Court of Appeals on prisoners

pursuant to the exhaustion requirement of the Prison Litigation Reform Act (PLRA). 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The Sixth Circuit remanded Plaintiff's case to this Court for further proceedings consistent with *Jones*. ECF Dkt. #55. Judge Economus then re-referred the case to the undersigned. ECF Dkt. #56.

On June 6, 2006, Defendants Place, Stech and USA filed a motion to dismiss Plaintiff's claims against them. ECF Dkt. #60. Plaintiff filed a response to the motion to dismiss and also filed a motion to convert Defendants' motion to dismiss into a motion for summary judgment because Defendants had attached a declaration to their motion to dismiss and used it as evidence in favor of their motion. ECF Dkt. #65. On August 27, 2008, the undersigned held a telephonic Case Management Conference and all parties and counsel agreed that the Court could convert Defendants' motion to dismiss into a motion for summary judgment. Consequently, on August 28, 2008, the undersigned granted Plaintiff's motion to convert the dismissal motion into a summary judgment motion. *Id*.

On February 13, 2009, the Court adopted the undersigned's Interim Report and Recommendation which recommended that the Court grant Defendants Place and Stech's motion for summary judgment on Plaintiff's claims under 42 U.S.C. §1983, the Americans with Disabilities Act, and the Federal Rehabilitation Act. ECF Dkt. #s 105, 129. The Court further adopted the undersigned's recommendations that the Court grant summary judgment in favor of Defendant USA on Plaintiff's Federal Tort Claims Act (FTCA) claims and grant Defendants Place and Stech's motion for summary judgment on Plaintiff's *Bivens* claim alleging retaliation for the exercise of his First Amendment rights on behalf of other prison inmates in pursuing their legal claims and access to the courts. *Id*.

3

The Court also adopted the undersigned's recommendation to deny Defendants Place and Stech's motion for summary judgment on Plaintiff's *Bivens* claims of retaliation for the exercise of his First Amendment rights for the pursuit of his own legal claims and his access to the courts. ECF Dkt. #129. The Court found that Defendants Place and Stech failed to demonstrate that Plaintiff had not exhausted his administrative remedies with respect to his *Bivens* claim because they failed to identify the administrative claim procedure available to Plaintiff, and failed to address Plaintiff's allegation that no such procedure exists. *Id.* at 2. The Court further found that Defendants' attached affidavit of Attorney Gerald Auerbach, custodian of the claims for the Office of General Counsel for the United States Marshals Service (USMS), was insufficient to satisfy a showing that Plaintiff failed to exhaust administrative remedies as to his *Bivens* claims because it addressed only FTCA claims. *Id.* at 2. The Court further held that Defendants Place and Stech failed to demonstrate that they were entitled to qualified immunity as to Plaintiff's retaliation claim because Plaintiff had sufficiently alleged facts establishing that a constitutional violation of a clearly established right had occurred when Defendants destroyed materials relating to several of his own lawsuits. *Id.*

On December 18, 2008, Defendants Place and Stech filed the instant motion for summary judgment. ECF Dkt. #112. On January 20, 2009, Plaintiff filed his memorandum in opposition to Defendants' motion for summary judgment. ECF Dkt. #123. On February 3, 2009, Defendants filed their reply brief. ECF Dkt. #128.

**B**. **STANDARD OF REVIEW**

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir.1982).

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. Civ. P. 56(C).

The party moving for summary judgment has the burden of showing there exists no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). This burden can be discharged by showing that the nonmoving party has failed to establish an essential element of his case, for which he bears the ultimate burden of proof at trial. *See e.g., Catrett v. Celotex Corp.*, 477 U.S. 317, 323 (1986); *Morales v. Am. Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995). The evidence and all the inferences that can reasonably be drawn therefrom must be read in the light most favorable to the nonmoving party. *Id.*

If the moving party meets his burden, the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed. R. Civ. P. 56(e). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

In ruling on a motion for summary judgment, the court is not obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. *Interroyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Therefore, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the record specifically called to its attention by the parties. *Staats v. United States*, No. C-3-99-174, 2001 WL 1135056, *3 (S.D. Ohio Mar. 12, 2001), unreported; *Interroyal Corp. v. Sponseller*, 889 F .2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990).

## C.    LAW AND ANALYSIS

### 1.    EXHAUSTION OF *BIVENS* CLAIMS

As in their first motion that was converted to a motion for summary judgment, Defendants Place and Stech assert in the instant motion that they are entitled to judgment as a matter of law on Plaintiff's *Bivens* retaliation claim because he failed to exhaust his administrative remedies.  ECF Dkt. #112-2 at 6-9.

As indicated by Defendants, the PLRA requires that a prisoner cannot bring a cause of action with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The United States Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 517, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

In *Jones v. Bock*, the United States Supreme Court overturned three specific rules imposed by the Sixth Circuit Court of Appeals on prisoners under the exhaustion requirement of the PLRA. In overturning one of the rules, the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 215-224.  While neither the Supreme Court nor the Sixth Circuit have addressed whether the burden of proof is on the prisoner or the defendant to prove lack of exhaustion, courts have held that it is the defendant who shoulders the burden of raising and proving the affirmative defense.  *Carson v. Monroe*, No. 2:07-CV-29, 2008 WL 822150 (W.D. Mich. March 26, 2008), citing *Obriecht v. Raemisch*, 517 F.3d 489, 2008 WL 465845, at *2 (7th Cir. Feb. 22, 2008)("Failure to exhaust administrative remedies is an affirmative defense, and consequently, the

burden of proof is on the prison officials"); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007)(stating that "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant") and *Foster v. Morris*, 208 F.App'x 174, 178 (3d Cir. 2006)("Failure to exhaust administrative remedies is an affirmative defense, and the burden of pleading and proving non-exhaustion rests with the defendants.").

In this case, Defendants Place and Stech raise Plaintiff's failure to exhaust administrative remedies on his *Bivens* claims against them and they attach the second declaration of Attorney Auerbach to support this defense. In his second declaration, Attorney Auerbach states that all administrative claims for property damage and personal injury presented to the USMS are filed pursuant to the FTCA. ECF Dkt. #112-3 at 1. He declares that "[t]his is the only procedure for filing a claim for property damage or personal injury in tort with the USMS" and states that "[t]here is no separate procedure for filing claims with the USMS pursuant to *Bivens*." *Id.* Attorney Auerbach goes on to state that a USMS detainee held at a local jail may also file a grievance with the local jail using the jail's internal grievance system in addition to the federal tort claim procedure with the USMS. *Id.* at 2. If the detainee files his claim with the USMS district office, the claim is forwarded to the Office of General Counsel. *Id.*

Attorney Auerbach thereafter explains that he again reviewed the records of tort claims filed or received by the USMS Office of General Counsel in order to determine whether it had received any claim or complaint from Plaintiff relating to the allegations in the instant complaint. ECF Dkt. #112-3 at 2. Attorney Auerbach states that he found none of the documents that Plaintiff attached as exhibits to his complaint were received by the USMS Office of General Counsel. *Id.* He further indicates that the USMS Office of General Counsel received no tort claim from Plaintiff regarding any of the conduct that he alleged in his complaint. *Id.*

The undersigned recommends that the Court find that Defendants Place and Stech have not met their initial burden on summary judgment of establishing the availability of a procedure for exhausting a *Bivens* claim administratively or of providing a remedy for such a claim. As indicated above, the PLRA requires that a prisoner first exhaust all administrative remedies that are available. 42 U.S.C. §1997e(a). Proper exhaustion requires "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2389, 165 L.Ed.2d 368 (2006). The PLRA and its exhaustion requirements apply to pretrial detainees. 42 U.S.C. 1997e(h).

The undersigned recommends that the Court find that Defendants Place and Stech's reliance upon Attorney Auerbach's second declaration is misplaced. In referring to Attorney Auerbach's declaration, Defendants state:

> Attached hereto as Exhibit A is the Second declaration of Gerald Auerbach, General Counsel for the USMS. As set forth fully in this declaration, **the USMS has an administrative procedure for receiving *Bivens* claims, which procedure is available and utilized for complaints or claims for return of property or personal injury arising out of the conduct of USMS employees whether filed under *Bivens* or the FTCA**.

ECF Dkt. #112-2 at 8 (emphasis added). However, Attorney Auerbach's declaration is not as clear as Defendants' interpretation. Specifically, in paragraph 3, Attorney Auerbach declares that:

> This Office is the custodian of agency records relating to the filing, evaluation, and disposition of all administrative claims for property damage and personal injury presented to the USMS. These are filed pursuant to the Federal Tort Claims Act. This is the only procedure for filing a claim for property damage or personal injury in tort with the USMS. There is no separate procedure for filing claims with the USMS pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Defendants interpret Attorney Auerbach's statement that "[t]here is *no separate procedure* for filing claims with the USMS pursuant to Bivens" to mean that the procedure for filing a *Bivens* claims is the same as the procedure for filing a claim under the FTCA. ECF Dkt. #112-3 at 1 (emphasis added). However, another interpretation of that statement is possible; Attorney

8

Auerbach's statement could mean that no procedure whatsoever existed for filing a *Bivens* claim and the only procedure that exists for filing claims is one for filing federal tort claims. Attorney Auerbach's first and second sentences in the above-quoted paragraph appear to support Defendants' interpretation because "all administrative claims for property damage and personal injury presented to the USMS" could include constitutional claims under *Bivens*. However, in the third sentence, Attorney Auerbach declares that "[t]his is the only procedure for filing a claim for property damage or personal injury *in tort* with the USMS." ECF Dkt. #112-3 at 1 (emphasis added). This statement undermines any conclusion that Attorney Auerbach could have been discussing *Bivens* or constitutional claims in the first two sentences, especially in light of the fact that he did not explicitly mention them in the first two sentences. Moreover, in the final sentence of this paragraph, Attorney Auerbach states that "[t]here is no separate procedure for filing claims pursuant to *Bivens*." The dictionary definition of the term "separate" means "set or kept apart." Merriam-Webster Online Dictionary, <separate adj.> By using the term "separate" in this sentence, Attorney Auerbach indicates only that there is no stand-alone procedure for *Bivens* claims, but leaves unanswered the question of whether any procedure at all exists for filing such claims.

To illustrate this point, the undersigned notes that Attorney Auerbach's statement would be equally true in either of the following hypothetical scenarios: (1) The USMS has a administrative procedure for filing *Bivens* claims that is the same as filing FTCA claims; and (2) The USMS follows the administrative procedure for filing FTCA claims and has no administrative procedure whatsoever for filing *Bivens* claims. The only instance in which Attorney Auerbach's statement would not be true is if the USMS had an administrative procedure for filing FTCA claims and had an independent administrative procedure for filing *Bivens* claims. Attorney Auerbach's declaration gives the Court no way of determining which of the first two scenarios the USMS applies. In short,

9

Attorney Auerbach's declaration is susceptible to two reasonable interpretations and therefore leaves a genuine issue of material fact as to what procedure, if any, that is available for exhausting administrative remedies for *Bivens* claims with the USMS.

A previous declaration by Attorney Auerbach in another case supports the latter interpretation of his declaration in this case as well. On August 9, 2007, Attorney Auerbach, as General Counsel for the USMS Headquarters, filed a declaration in *Rodger Dwight Abrahams a/k/a Robert Johnson v. United States Marshals Service, et al.*, Case Number 2003/164, District Court of the Virgin Islands, Division of St. Thomas and St. John. In that case, Attorney Auerbach declared that "[t]he FTCA is the only means through which individuals may seek recovery of money damages for alleged wrongdoing under federal law." ECF Dkt. #24 in *Abrahams v. USMS, supra*. He further indicated that the USMS had no other internal grievance procedure for claims involving alleged assaults by the USMS on a prisoner", a claim that was converted by the *Abrahams* Court from a statutory claim under 28 U.S.C. §1343 to a *Bivens* claim of unreasonable force. *Abrahams v. USMS*, No. 2003/164, 2007 WL 3025073 (D. V.I. Aug. 14, 2007), unpublished.

The *Abrahams* Court denied a motion to dismiss filed by the USMS in that case as to the *Bivens* claim, finding that while the United States had pointed to a procedure for filing grievances under the FTCA, it admitted that no other internal grievance procedure or remedy existed with the USMS. 2007 WL 3025073. Finding that no formal procedure existed for filing a *Bivens* claim, the Court denied the motion to dismiss and found that Abrahams had exhausted "the only administrative remedy reasonably available for his claim" because he had sent a letter to the United States Attorney's Office on St. Thomas and to the United States Marshal, informing them of his grievance. The Court further rejected the government's argument that because no formal procedure existed for filing *Bivens* claims, *Abrahams* was required to follow the unrelated procedures available for those

10

asserting tort claims under the FTCA.

The *Abrahams* case verifies the undersigned's interpretation that the "no separate procedure" means that there may be no administrative procedure for exhausting a *Bivens* claim and a genuine issue of material fact exists as to the issue of exhaustion.

Since Attorney Auerbach's second declaration in this case contains statements capable of two reasonable interpretations, one that supports a finding that a detainee must exhaust *Bivens* claims in the same manner as FTCA claims and one that supports a finding that no procedure exists for exhausting administrative claims pursuant to *Bivens*, the Court should deny Defendants' motion for summary judgment as to this issue.

**2**. **QUALIFIED IMMUNITY**

Defendants Place and Stech also assert that the Court should grant their motion for summary judgment because they are entitled to qualified immunity from Plaintiff's *Bivens* claims. ECF Dkt. #112 at 9-13. The undersigned recommends that the Court GRANT Defendants' motion for summary judgment on the issue of qualified immunity as to Plaintiff's claims of retaliation and denial of access to the courts which allegedly resulted in the dismissal of five underlying lawsuits.

The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In reviewing whether qualified immunity applies, the Court, viewing the facts in the light most favorable to the plaintiff, determines whether: 1) the violation of a constitutional right has occurred; and 2) the constitutional right at issue "was clearly established at the time of defendant's alleged misconduct." *Grawey v. Drury,* quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Dunigan v. Noble*, 390 F.3d 486, 491 (6th Cir. 2004). Some courts,

11

including the Sixth Circuit, have applied a third step to the qualified immunity analysis, also determining whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional right. *See e.g., Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003); *Sample v. Bailey,* 409 F.3d 689, 696 (6th Cir. 2005). The burden is on the plaintiff to show that the defendants violated his constitutional rights. *Williams v. Mehra*, 135 F.3d 1105, 1111 (6th Cir. 1998). The Court has the discretion to determine which of the prongs of the analysis to address first in light of particular circumstances of the case. *Pearson v. Callahan*, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009), receding from *Saucier v. Katz,* 553 U.S. 194, 201, 121, S.Ct. 2151, 150 L.Ed.2d 272 (2001).

A pretrial detainee has the same First Amendment rights as those afforded convicted inmates. *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). "An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). However, the grievance must be non-frivolous. *Lewis v. Casey,* 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Smith v. Craven*, No. 01-5634, 61 Fed. Appx. 159, 162, 2003 WL 1465396 (6th Cir. 2003), unpublished, citing *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) and *Herron*, 203 F.3d at 415.

In this case, Plaintiff alleges that Defendants retaliation against him and denied him access to the courts because he was a jailhouse lawyer. Plaintiff avers that Defendants destroyed, withheld, or failed to mail his legal materials which resulted in the dismissal of five cases that he had filed in various courses in the pursuit of his own legal remedies. ECF Dkt. #1, Attachment 1 at 6.

In order to set forth a claim of retaliation claim based upon the First Amendment, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3)

the adverse action was motivated, at least in part, by the protected conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001)(citing *Mount Healthy City . Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Protected conduct in such a retaliation claim includes a prisoner's efforts to access the courts. *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). However, this right is protected only if the grievances or underlying claims upon which the protected conduct is based are not frivolous.[2] *Herron*, 203 F.3d at 415, citing *Lewis*, 518 U.S. at 353.

Prisoners also have a constitutional right to "adequate, effective and meaningful" access to the courts which extends to direct appeals, habeas corpus petitions and civil rights claims only. *Bounds v. Smith,* 430 U.S. 817, 821-24, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999), citing *Lewis*, 518 U.S. at 353 (citations omitted). Moreover, in order to sustain a claim of denial of access to the courts, a plaintiff must allege an actual injury. *Lewis*, 518 U.S. at 351. In order to show actual injury in this context, a prisoner must show actual prejudice to pending or contemplated litigation, which includes a showing that a case was dismissed, a plaintiff missed a court-imposed deadline, or a prisoner was unable to file a complaint. *Id.*; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). The inmate must also show that unjustified acts or conditions hindered his ability to pursue a non-frivolous legal claim. *Johnson v. Barczak*, 338 F.3d 771, 772 (7th Cir. 2003), citing *Lewis*, 518 U.S. at 343 and *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)(hindering a frivolous claim does not give

---

[2] In *Bell v. Johnson*, 308 F.3d at 607, the Sixth Circuit Court of Appeals held that the prison guard defendants' reliance upon *Herron* was misplaced when they used that case to assert that protected conduct for a retaliation claim includes only meritorious, or at least nonfrivolous underlying suits. The *Bell* Court found that the *Herron* case did not apply because it was bound by the full circuit sitting en banc in *Thaddeus-X*, which found that some of Bell's claims were protected conduct. *Id*. The *Bell* case further found that even if *Herron* applied, Bell's suit was still protected conduct because the holding in *Herron,* which relied upon *Lewis,* applied only to retaliation claims dismissed as frivolous and Bell's case was dismissed on a motion for summary judgment, not dismissed on the basis of frivolity. *Id*.

13

rise to denial of access to courts claim because it does not result in actual injury).

In the instant case, Plaintiff alleges that Defendants retaliated against him and denied him access to the courts for being a jailhouse lawyer in his pursuit of his own legal remedies. As explained above, underlying both of these claims is the requirement that Plaintiff demonstrate that the lawsuits effected by the alleged retaliation and denial of access to the courts were non-frivolous.

In moving for summary judgment, Defendants Place and Stech contend that Plaintiff's underlying suits were frivolous. In response to the instant motion for summary judgment, Plaintiff fails to discuss the frivolity or non-frivolity of the five cases that he alleges were dismissed due to his lack of prosecution because he lacked his legal materials. ECF Dkt. #123. In fact, he does not even mention the five cases at all. *Id*. And while Plaintiff does mention the five cases in his complaint and attaches Exhibits relating to those cases, he nevertheless fails to discuss anything relating to the non-frivolity of the cases. ECF Dkt. #1, Attachment 1. Moreover, this Court is not obligated to wade through and search the entire record for some specific facts that might support Plaintiff's claim. *Sponseller*, 889 F.2d at 111. Accordingly, Plaintiff has failed to establish that the cases underlying his access to courts claim and his retaliation claim were not frivolous.

Without showing that he was denied access to the courts with respect to a *non-frivolous* claim or that he was retaliated against for filing a *non-frivolous claim*, Plaintiff has failed to meet his reciprocal burden on summary judgment of showing that Defendants violated his constitutional rights. For this reason, the undersigned recommends that the Court find that no genuine issue of material fact exists that would require a trial against these particular Defendants.

**D**.     **CONCLUSION AND RECOMMENDATION**

For the above reasons, the undersigned recommends that the Court GRANT Defendants Place and Stech's second motion for summary judgment on the basis of qualified immunity.  ECF Dkt. #112.


Dated: June 5, 2009                                          */s/George J. Limbert*
                                                                           GEORGE J. LIMBERT
                                                                           UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).