**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN W. PEROTTI,** | ) | **CASE NO. 4:05CV2739** |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| V. | ) | |
| | ) | |
| **JASON MEDLIN, et al.,** | ) | |
| | ) | **ORDER** |
| **DEFENDANTS.** | ) | |
| | ) | |

The instant matter is before the Court upon two Interim Reports and Recommendations ("R&R") issued by Magistrate Judge George J. Limbert. (Dkt. # 150, 151). In the first R&R, Magistrate Judge Limbert "recommends that the Court dismiss all of Plaintiff's claims against Defendants John Doe No. 1, John Doe No. 2 and J. Maroney if [Plaintiff] fails to show good cause by June 19, 2009 for his failure to identify the two John Does and failure to further identify Defendant J. Maroney and serve all of these Defendants." (Dkt. # 150 at 1). In the second R&R, the Magistrate Judge recommends that the Court grant, on the basis of qualified immunity, the second motion for summary judgment filed by Defendants Jason Place ("Place") and Dan Stech ("Stech"), and dismiss all of Plaintiff's claims against Place and Stech. (Dkt. # 151 at

1).

Plaintiff has filed a "Brief in Response Too [sic] Order & Report & Recomendation [sic] of Magistrate Judge of 6/5/2009," in which he addresses the Magistrate Judge's first R&R.  (Dkt. # 153).  Plaintiff has also filed objections and a "Supplement to His Objection" to the Magistrate Judge's second R&R.  (Dkt. # 156, 157).[1]  Defendants have filed a response to Plaintiff's objection and supplement to the second R&R.  (Dkt. # 158).

### *Plaintiff's Objections to the Magistrate Judge's first R&R (Dkt. # 150)*

In his first R&R of June 5, 2009, the Magistrate Judge found that "Plaintiff has not specifically identified Defendants John Doe Numbers 1 at 2 and therefore service has not been effectuated on these unnamed Defendants."  (Dkt. # 150 at 2).  Additionally, the Magistrate Judge found that after an unsuccessful attempt by the United States Marshal's Office to serve Defendant Maroney based on information provided by Plaintiff, Defendant Maroney remained unserved and Plaintiff had provided no additional information as to Defendant Maroney's identity or address.  (Dkt. # 150 at 3-4).  Therefore, the Magistrate Judge recommended that, pursuant to Federal Rule of Civil Procedure 4(m), the Court dismiss all of Plaintiff's claims against these Defendants unless Plaintiff demonstrated good cause by June 19, 2009, for his

---

[1] Defendants argue that, because Plaintiff was granted an extension only until June 26, 2009, to file his objections, his objection and supplement to the second R&R are untimely, as they were filed on July 1 and July 6, respectively.  While the Court notes Defendants' argument, it will nevertheless accept Plaintiff's objections as timely and address them on the merits.

failure to identify and serve them.

In his "Brief in Response" to the Magistrate Judge's first R&R, Plaintiff asserts that "[h]e has no assistance in the free world, and is unable to send someone to Lakewood Hospital to locate Defendant J. Maroney." (Dkt. # 153 at 1). He further states that he "has no way of finding out who the nurse is that collaborated with the Lakewood Police." (Dkt. # 153 at 2) (emphasis in original). Finally, Plaintiff admits that "John Doe No. 1 and No. 2 have been dismissed. Only Defendant Maroney matters." (Dkt. # 153 at 2). Plaintiff concludes by restating his request for appointed counsel.

By his own admission, Plaintiff has abandoned any intention to pursue the instant litigation with respect to Defendants John Doe No. 1 and John Doe No. 2. Therefore, Plaintiff's claims against these Defendants will be dismissed. Furthermore, Plaintiff has failed to demonstrate good cause for his failure to identify and serve Defendant Maroney. The fact that he is incarcerated does not excuse him from the requirements of Rule 4(m). Moreover, Plaintiff has acknowledged his inability to identify and serve Defendant Maroney, which suggests that any extension of time for service would be fruitless. Accordingly, Plaintiff's claims against Defendant Maroney will be dismissed.

The Court has reviewed the first interim report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported. (Dkt. # 150).

### *Plaintiff's Objections to the Magistrate Judge's Second R&R (Dkt. # 151)*

In his second R&R of June 5, 2009, the Magistrate Judge recommended that the Court grant the second Motion for Summary Judgment filed by Defendants Place and Stech. (Dkt. # 151). Specifically, the Magistrate Judge recommended that Defendants' Motion be denied on the grounds that Plaintiff failed to exhaust administrative remedies, but that the Motion should be granted on the basis of qualified immunity. With respect to the qualified immunity analysis, the Magistrate Judge found that Plaintiff had failed to demonstrate that Defendants Place and Stech had violated his constitutional rights because Plaintiff did not show that the cases underlying his access to the courts and retaliation claims were not frivolous.

Plaintiff objects to the Magistrate Judge's findings, arguing that "the granting of qualified immunity on the chance that all five of the lawsuits dismissed were frivolous, thus not causing any prejudicial harm is an improper standard to set." (Dkt. # 156 at 1-2). Plaintiff further points out that none of the underlying cases were declared frivolous in the courts in which they were filed. Finally, Plaintiff states that, as a *pro se* litigant, his complaint serves as an affidavit and is therefore "already into evidence when the opposing party moves for summary judgment." (Dkt. # 156 at 2).

The Court finds that Petitioner's objection is without merit. The affirmative defense of qualified immunity "shields government officials from 'liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Smoak v. Hall,

460 F.3d 768, 777 (6th Cir. 2005) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Qualified immunity is available to government officials, such as federal prison officials, sued in their individual capacities under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), for wrongful conduct committed during the performance of discretionary functions. Wilson v. Layne, 526 U.S. 603, 609 (1999).

The Supreme Court has developed a two-part test to determine whether a defendant is entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194, 201 (2001).[2] First, a court must decide whether, taken in the light most favorable to the plaintiff, the facts alleged show that the defendant violated a constitutional right. Id. If a violation is shown, the court must then determine whether the particular right was clearly established, such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202.

As an initial matter, a prisoner's right of access to the courts extends only so far as his ability to attack his sentence directly or collaterally or to challenge the conditions

---

[2] The Court acknowledges that the Sixth Circuit occasionally performs a three-step inquiry in the qualified immunity analysis. See Estate of Carter v. City of Detroit, 408 F.3d 305, 310-311 (6th Cir. 2005). The Sixth Circuit has pointed out that a two-step analysis is sufficient if the case at issue "is one of the many cases where, if the right is clearly established, the conduct at issue would also be objectively unreasonable." In such cases, the Sixth Circuit has "collapse[d] the second and third prongs" in an effort to "avoid duplicative analysis." Because the constitutional right of access to the courts has long been clearly established law, the Court finds the two-step inquiry appropriate in the instant action. See Ex parte Hull, 312 U.S. 546, 549 (1941); Bounds v. Smith, 430 U.S. 817, 821-22 (1977).

of his confinement. Lewis v. Casey, 518 U.S. 343, 355 (1996); Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999). The impairment of any other litigating ability is not a constitutional violation. Lewis, 518 U.S. at 355. Additionally, a plaintiff must show that the action with which he claims the defendants interfered was non-frivolous. Id. at 349-55.

As the Magistrate Judge noted, Plaintiff has failed to address Defendants' contention in the instant Motion that the lawsuits underlying his claim were frivolous. Indeed, at no time in the course of the litigation has Plaintiff ever asserted that his claims were non-frivolous. Having failed to do so, Plaintiff has not shown that he has suffered a violation of his constitutional right of access to the courts. Absent a showing that a constitutional violation has occurred, the Saucier inquiry goes no further, and Defendants are entitled to qualified immunity.

The Court has reviewed the second interim report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported. (Dkt. # 151).

### *Conclusion*

For the foregoing reasons, the interim Reports and Recommendations of Magistrate Judge Limbert (Dkt. # 150, 151) are hereby **ADOPTED**.

Plaintiff's claims against Defendants John Doe No. 1, John Doe No. 2, and J. Maroney are hereby **DISMISSED**.

The Second Motion for Summary Judgment filed by Defendants Jason Place and Dan Stech is hereby **GRANTED** on the basis of qualified immunity.  (Dkt. # 112).  The claims against Defendants Place and Stech contained in Count I of Plaintiff's Complaint are hereby **DISMISSED**.

Furthermore, Plaintiff's Motion for Appointment of Counsel is hereby **DENIED as MOOT**.  (Dkt. # 152).

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

      **/s/ Peter C. Economus - August 3, 2009**
      **PETER C. ECONOMUS**
      **UNITED STATES DISTRICT JUDGE**